COCA-COLA BOTTLING COMPANY *v.* CROMWELL.

4-6634 · 159 S. W. 2d 744

Opinion delivered March 2, 1942.

*Pryor & Pryor* and *Floyd E. Barham,* for appellant.
*Partain & Agee,* for appellee.

GRIFFIN SMITH, C. J. Appellee's husband was employed as a worker at a well that was being drilled for oil. October 26, 1940, appellee drove to the drill rig to take her husband's supper. Enroute she bought two bottles of coca-cola. After arriving at the well, appellee opened the bottles while waiting for her husband to complete some incidental operations. There were lights around the rig, but appellee had turned off her car lights. ·

Three drinks, or "swallows" were taken by appellee from one of the bottles. As the second drink was being ingested appellee "felt something stick in her throat." · The third drink was taken for the purpose of "washing down" the obstruction. Three or four minutes were consumed in this attempt. She thereupon placed the uncapped bottle on the car floor. It was then about half full.

After trying by coughing to disengage the throat obstruction appellee got out of the car and took the second bottle to her husband in a hut used by the workmen. At the same time she delivered the container of food. Before leaving the car appellee felt ill, and mentioned the fact immediately. She remained at the hut approximately thirty minutes, then went back to the car, found the bottle cap, replaced it, then started home. It

occurred to her that a physician's services were necessary, and at Alma she called Dr. Galloway. The doctor procured the bottle from appellee's automobile. Appellee was in a hospital five days, and says she was sick several weeks.

Dr. Galloway testified that he washed the patient's stomach, and administered a hypodermic of morphine and atropine. He then drove appellee home, going by way of the well rig. Content of the coca-cola bottle was strained. Six legs of an insect, resembling those of a spider, were found.

The doctor testified that, in his opinion, what appellee drank from the bottle produced the illness. This testimony was corroborated by W. E. Ikling, druggist.

Appellant stresses the fact that a fragment of grass rope, such as that used around the oil rig, came from appellee's stomach when it was washed; that while the bottle remained open in the car, contamination might have occurred; that testimony of the manufacturer that bottling was done under conditions making it impossible for foreign substances to get into the product created a *prima facie* showing of care not overcome by testimony, and the verdict was based upon speculation and conjecture.

We think a case was made for the jury. However, no permanent injury resulted. At most the inconvenience was not of a kind to warrant a finding that great pain, inconvenience, and prolonged loss of bodily functions resulted. The judgment for $1,250 will, therefore, be reduced to $500, and as so reduced it is affirmed.

Mr. Justice Humphreys dissents in respect of the reduction.