JONESBORO COCA-COLA BOTTLING COMPANY *v.* HAMBROOKE.

4-7169                                          175 S. W. 2d 387

Opinion delivered November 29, 1943.

*Frierson & Frierson,* for appellant.

McHANEY, J. Appellee brought this action against appellant to recover damages she alleges she sustained as

a result of drinking a part of a bottle of Coca-Cola which had a hair pin in it, commonly called a bobby pin. Trial resulted in a verdict and judgment against appellant for $150. This appeal challenges the sufficiency of the evidence to sustain the verdict and judgment, among other assignments of error argued.

Viewing the evidence in its most favorable light to appellee, which we must do in determining its sufficiency, it is substantially as follows: appellee is a stenographer and works for her brother-in-law. She is in the habit of drinking two or three bottles of Coca-Cola daily. She usually buys them at a drug store a short distance from her office, has the cap lifted, a straw inserted and takes them to her office to drink. On March 5, 1941, at about 3 p. m., she purchased a bottle, took it to her office and drank a portion of it. She drank a goodly portion of it, noticed that it was weak or something, held it up to the desk light and noticed that it had a bobby pin in it. She immediately took the bottle and remaining contents to the drug store where she had purchased it not more than fifteen or twenty minutes before and showed it to Mr. Nash who advised her to take it to appellant's plant. She took it to the plant and was advised there to take it to Judge Frierson, appellant's attorney. She returned to the office and a little later her mother came and took the bottle to Judge Frierson. Her testimony is not certain as to when she began to be sick and began vomiting, but she became ill and vomited while at the office and continued to be ill and to vomit after going home, and was unable to eat. She went to the office next day, but was unable to work and went home. It was several weeks before she was able to work a full day. She had prior to this suffered some stomach trouble, but did not have a doctor, either on this occasion or prior, but had taken medicine for stomach trouble.

We think this evidence insufficient to make a case for the jury. There was no evidence that the presence of a bobby pin in a bottle of Coca-Cola would render it deleterious or harmful for human consumption and there was no evidence that the presence of such pin in the bottle

here involved rendered the drink unfit for consumption or that it did cause her illness. No analysis was made of the remaining contents of the bottle, or at least no evidence was produced to show that such an analysis was made. True it is that she drank of the Coca-Cola and, in a short time became sick—not until after she had discovered the bobby pin—but this is not sufficient to show that the Coca-Cola was poison or deleterious. On the other hand, there was positive proof that such a pin in a bottle of Coca-Cola for six months would not render the drink harmful. One of the witnesses for appellant, a physician, so testified, and that he drank a bottle which had had such a pin in it for six months without harmful effect. The evidence is wholly lacking that the foreign substance caused or could have caused appellee's illness.

We think this case is ruled adversely to appellee by the case of *Coca-Cola Bottling Co.* v. *Wood,* 197 Ark. 489, 123 S. W. 2d 514, where the appellee claimed she was made ill by drinking Coca-Cola which had a crushed bottle cap with a dark substance around it in the bottle. We there said: "It is not sufficent to support a verdict for appellee, because there is no evidence disclosed by this record of a substantial nature upon which a verdict can be based. The contents left in the bottle of Coca-Cola in question were never chemically analyzed and no one knows whether there were any harmful ingredients in these contents or not. To assume that there were and such was the proximate cause of appellee's injuries, would be the purest speculation and conjecture, and but a guess. It has long been the settled rule of this court that verdicts of juries cannot be based upon speculation and conjecture, or guess. In *Russell* v. *St. Louis, S. W. Ry. Co.,* 113 Ark. 353, 168 S. W. 135, we said 'But conjecture and speculation, however plausible, cannot be permitted to supply the place of proof.' *St. Louis, I. M. & S. Ry. Co.* v. *Hempfling,* 107 Ark. 476, 156 S. W. 171, and cases there cited." See, also, *Jonesboro Coca-Cola Bottling Co.* v. *Young,* 198 Ark. 1032, 132 S. W. 2d 382.

It is pure speculation and conjecture to say that the foreign substance, a bobby pin in this case, rendered the

Coca-Cola unfit to drink or caused her illness. Therefore, the verdict of the jury was based on speculation and conjecture and was without substantial evidence to support it.

For the refusal of the court to direct a verdict for appellant at its request, the judgment is reversed, and as the cause appears to have been fully developed, it is dismissed.