HOPE COCA-COLA BOTTLING COMPANY, INC. *v.* JONES.

5-85                                                    257 S. W. 2d 272

Opinion delivered April 27, 1953.

*Graves & Graves*, for appellant.

*Tompkins, McKenzie & McRae*, for appellee.

ROBINSON, Justice. Appellee drank a portion of a bottle of Coca-Cola which she claims contained a dead mouse. She filed suit against appellant Hope Coca-Cola Bottling Company and asked damages in the sum of $5,000. There was a jury verdict in her favor for $3,000 which the trial court reduced to $750.

On appeal appellant contends that there is no substantial evidence to sustain the verdict; that the court erred in giving instruction No. 4 because it ignored the defense of contributory negligence; that the court erred in modifying instruction No. 12; and that the $750 judgment is excessive.

On Monday, March 24, 1952, appellee, an employee of Shanhouse, a garment manufacturing concern in Hope, Arkansas, purchased a Coca-Cola which had been bottled by the defendant. The Coca-Cola, having been in the refrigerator over the week-end, was frozen. Upon taking a swallow out of the bottle, appellee noticed a peculiar taste and remarked about it at the time, but could not see the contents clearly due to its frozen condition, and thought perhaps for this same reason the taste was unusual; also her friends told her probably something was wrong with her taste. But after taking a couple more swallows, she concluded that something definitely was wrong with the drink, set it aside, and got a cold drink of another kind. When the Coca-Cola had thawed out, it was discovered that it contained a dead mouse.

Shortly thereafter appellee became ill and was unable to work for the greater part of the balance of the day. She was taken to a hospital, where a doctor saw the Coca-Cola and mouse and gave her something to make her vomit. She remained at the hospital from about 1:00 until about 4:15. During that time she got very sick and fainted. She was not able to go to work the next day; and on Thursday, still being unable to work, she went to Dr. Hesterly who gave her some medicine. She went back to work on Friday; but Saturday her joints began to swell and ache, and she broke out in a rash. Her eyes were swollen and her gums so sore she couldn't chew anything. She was running a temperature, had a rigor, and stayed in bed two weeks. The rash on her body remained over a week; during that time she was running a fever and Dr. Hesterly was attending her. Her joints swelled in the evenings, and she suffered considerable pain. Also her feet swelled. After staying in bed for two weeks, she had fever blisters all over her lips and had lost about 20 pounds; but she got up and attempted to go back to work. She had never had any trouble of that kind before, no swelling of the joints, no rash, in fact no serious illness; she is 37 years of age. She was actually disabled about three weeks; she earned

$30 per week. In the circumstances as shown by the record, we can not say that a $750 judgment is excessive.

One of the points made by appellant is that since the appellee kept the bottle with its contents in her possession from the time she purchased it to the day of the trial without having it analyzed, there is no substantial evidence that it was unfit for human consumption. The mouse was rotten and had a very foul odor.

Appellant relies to a large extent on the case of *Coca-Cola Bottling Co.* v. *Wood,* 197 Ark. 489, 123 S. W. 2d 514; in that case the bottle of Coca-Cola contained a rusty and corroded Coca-Cola bottle top. No showing was made that there was anything in connection with the bottle top that would be injurious to a person. Although a doctor did testify that in his opinion the bottle cap would cause gastritis, no reasonable basis for the opinion was shown. There was other testimony to the effect that an analysis had been made of a similar bottle cap and it contained nothing that would be injurious in the circumstances.

Appellant cites other cases of similar import: *Jonesboro Coca-Cola Bottling Co.* v. *Hambrooke,* 206 Ark. 385, 175 S. W. 2d 387, where the Coca-Cola contained a bobby pin; and *Coca-Cola Bottling Co. of Southeast Arkansas* v. *Bell,* 197 Ark. 671, 109 S. W. 2d 115, where plaintiff was given a judgment in the sum of $7,500 on the contention that a girl 13 years of age contracted amoebic dysentery from drinking a Coca-Cola containing a fly. Laboratory tests were made of the contents of the bottle and no harmful germs found. In reversing the judgment, the Court said the mere presence of the fly was not sufficient to show it contained the amoebic germ.

We think the case at bar, where the plaintiff is not contending she contracted any specific disease but was merely made sick for a period of three weeks by drinking part of a bottle of Coca-Cola containing a dead mouse, is in a different category from those cases cited. Here Dr. Hesterly testified: ''Assuming that she drank from it and the mouse was in there, it could have caused

the condition she had." This testimony is uncontradicted.

Appellant contends that instruction No. 4 given by the court was error because it ignored the defense of contributory negligence. But the instruction provides: "If you further find the presence of the mouse in the bottle rendered the contents of the bottle poisonous, deleterious and unfit for human consumption *and that the plaintiff in the exercise of ordinary care* (our italics) and without knowing the contents of said bottle were poisonous, deleterious and unfit for human consumption, etc." We think this language was sufficient to embrace the theory of contributory negligence. Moreover, there is no substantial evidence in the record of any negligence on the part of the plaintiff.

Next, appellant complains of the modification of instruction No. 12. However, the Court merely added "provided they use due care," and we do not see how this was in any way prejudicial to appellant. We find no error.

The judgment is therefore affirmed.

Mr. Justice McFADDIN not participating.