COCA-COLA BOTTLING COMPANY OF JONESBORO *v.*
MISENHEIMER.

5-181                                    261 S. W. 2d 775

Opinion delivered November 9, 1953.

*Frierson, Walker & Snellgrove,* for appellant.

*Bon McCourtney* and *Claude B. Brinton,* for appellee.

MINOR W. MILLWEE, Justice. This appeal is from a judgment in favor of appellee, Mrs. Edward Misenheimer, against appellant Coca-Cola Bottling Company of Jonesboro, Arkansas, in the sum of $50 damages allegedly sustained by drinking from a bottle of Coca-Cola which contained a dead mouse.

At the conclusion of the testimony on behalf of plaintiff, and at the close of all the evidence, appellant requested a directed verdict in its favor, without indicating to the trial court the basis for such requests. Both requests were denied. The only assignments of error in the motion for new trial are: (1) the court erred in refusing appellant's requests for an instructed verdict, and (2) that the verdict is inconsistent with the instructions given. The question of the sufficiency of the evidence was not mentioned either at trial or in the motion for new trial.

For reversal, appellant says the case was tried under the doctrine of *res ipsa loquitur,* and it is now contended that the evidence was insufficient to meet the requirements of the doctrine because it was not shown that the bottle from which appellant drank was then in the same condition as when it left the exclusive custody and control of appellant. The assignment that the court erred in not directing a verdict for appellant must be overruled, if there is any substantial evidence, viewed in the light most favorable to appellee, to support the verdict. *Arkansas Power and Light Company* v. *Connelly,* 185 Ark. 693, 49 S. W. 2d 387.

The testimony on behalf of appellee discloses that she lives with her husband and their three children in the little village of Waldenburg, in Poinsett County, near the W. K. Neeley Company, where the husband is employed as a farm implement mechanic. In connection with the implement store, Neeley Company also operates

a service station which handles soft drinks bottled by appellant. Appellee's husband quit work about 6 p.m. on August 17, 1952, when he purchased from the service station a case of assorted soft drinks containing several Coca-Colas bottled by appellant. The bottles remained sealed and capped while in the possession of the service station, and in the same condition when brought into the home by appellee's husband, shortly after 6 p.m. Appellee immediately put the drinks into the refrigerator.

About 9 o'clock the following morning, appellee opened drinks for some children and a Coca-Cola for herself, using a bottle opener to remove the caps. Upon drinking one swallow of Coca-Cola, she immediately became nauseated and started vomiting. Her son then pointed out to her that the bottle contained a mouse, which was whole at that time but had a foul odor. It was in a state of decomposition when the bottle was introduced in evidence at the trial. Appellee was treated several times by a physician who testified as to her illness.

Although appellant has not abstracted the instructions, we will assume the case was tried on the theory of *res ipsa loquitur*, since there was no direct or affirmative proof of negligence on the part of appellant. We have held that under the doctrine of *res ipsa loquitur* a plaintiff must show that there was no opportunity for the contents and character of a bottled drink to have been changed from the time it left defendant's hands until the time of the alleged injury. See *Coca-Cola Bottling Company of Fort Smith* v. *Hicks*, 215 Ark. 803, 223 S. W. 2d 762, and cases there cited.

Appellant's contention is that since appellee's husband did not testify, there was no showing that the Coca-Cola was the same beverage that he purchased, or if so, that it was in the same condition in which he bought it. In this connection, the clerk who sold the drinks testified the bottles remained capped and sealed at all times while in the store and were in the same condition when sold. Appellee testified that the drinks were purchased from

the Neeley service station by her husband who brought them home while she was preparing the evening meal, and that she immediately put them in the refrigerator. There was no objection to this testimony, and on cross-examination she testified: "Q. Mrs. Misenheimer, when, on what date did you say your husband purchased that? A. On Monday afternoon, after he quit work at 6:00 o'clock. Q. This is one of the bottles he brought home? A. That is right. Q. You drank the contents the next day? A. Yes."

In *Coca-Cola Bottling Company* v. *Cromwell*, 203 Ark. 933, 159 S. W. 2d 744, the bottled drink was left opened for a time in an automobile out in the woods in semi-darkness before part of it was drunk, and for a considerable time thereafter before the cap was replaced. We held that a case was made for the jury, against the contention that contamination might have occurred while the bottle remained open in the car. See, also, *The Coca-Cola Bottling Company* v. *Davidson*, 193 Ark. 825, 102 S. W. 2d 833; *Hope Coca-Cola Bottling Company* v. *Jones, ante* p. 222 Ark. 52, 257 S. W. 2d 272.

We think the situation here is somewhat similar to that presented in the Hicks case, *supra*, where we said: "In the light of the instructions, the jury must be taken to have determined that the breaking of the bottle, and the resultant injury to plaintiff's foot, were proximately caused not by any negligent act of the plaintiff herself, nor by any non-negligent act of the plaintiff or anybody else, nor by any unascertained fact or event, but rather by the negligence of the defendant in the course of filling, charging, capping or otherwise preparing the bottle. In reaching that conclusion, the minds of the jurors must have gone through a process of reasoning to the effect that since the bottle did explode, and none of the possible explanations just enumerated were acceptable to them, and since negligence in filling, charging, capping or otherwise preparing the bottle was a reasonable explanation of what had happened, the verdict should be arrived at in accordance with that reasonable explanation."

So here, we think the evidence is sufficient for the jury to have determined that the presence of the mouse in the bottle, and the resultant injury to appellee, were proximately caused not by any negligent or non-negligent act of the Neeley Company, the appellee or her husband, nor by any unascertained event, but rather by the negligence of the appellant in preparing the bottle. On the whole case, we hold the evidence sufficient to sustain a jury finding that there was no opportunity for the content and character of the bottle of Coca-Cola to have been changed from the time it left appellant's hands until appellee drank from it. The judgment is, therefore, affirmed.