JONESBORO COCA-COLA BOTTLING COMPANY *v.* YOUNG.

4-5597                                           132 S. W. 2d 382

Opinion delivered October 23, 1939.

. *Kirsch & Cathey* and *Arthur L. Adams,* for appellant.

MEHAFFY, J.   On September 9, 1938, the appellee, C. H. Young, filed complaint in the Greene circuit court against the Jonesboro Coca-Cola Bottling Company and others.   The Jonesboro Coca-Cola Bottling Company operates a Coca-Cola bottling plant at Jonesboro, Arkansas. The individuals joined as defendants were the persons who operated the stand and sold the Coca-Cola.

The appellee alleged that on April 13, 1938, he purchased at a drink stand in Paragould, operated by the ladies joined as defendants, a bottle of Coca-Cola; that this bottle contained some foreign substance, the exact nature of which was unknown to him, but which was a deadly poison; that he drank part of the contents of the bottle, ceasing because he noted an unnatural taste; that as a result he became violently and dangerously ill, suffered intensely for a considerable period of time, and was unable to work; that the Coca-Cola was manufactured by the Jonesboro Coca-Cola Bottling Company. He asked damages in the sum of $2,000 on account of his sickness and suffering, and $500 for loss of time.

The appellant and others filed answers, specifically denying each and every material allegation of the complaint.

The appellee, C. H. Young, testified in substance that he lived at Paragould and had worked all the morning of April 13, 1938; he came in about noon and after eating dinner went to the sale barn at Paragould, where auction sales of livestock were held; there he met Mr. Houghton of Missouri; he knew Houghton, who invited him to have a cold drink with him; they went to the stand operated by the ladies joined as defendants;

Houghton ordered sandwiches, but witness did not eat any sandwiches, as he had already had dinner. He drank two swallows from his bottle of Coca-Cola when he noticed an unnatural taste and set it back; Houghton told him he would buy him another if that did not suit him. He then took another sup to satisfy himself, and pushed the bottle back and left it. He had previously drunk a great number of Coca-Colas. From the drink stand, he and Houghton went back to the sale barn and were together while Houghton sold his stock. After a little time passed Houghton remarked that appellee looked "peculiar." He was not feeling well, and, as he began to feel worse, he left and walked four or five blocks home. He had fever when he got home; his eyes, face, lips, tongue and chest began to swell and his fever soon went up to 104 degrees. He first called Dr. Ellington, and afterwards called Dr. Haley. He was in bed ten days and sick for two months. He lost his job, a logging contract. Thinks his earnings would run around $10 a day. His suffering became less in 24 hours and most of it had left in 48 hours; he still had a sore mouth and could hardly see; his eyes still trouble him. Dr. Ellington made five or six trips to see him, and Dr. Haley made two. Witness was 43 years of age. It was probably close to 1:30 o'clock when he got back to the sale barn that day; he did not go to the sale barn to buy or sell stock, but just went with Mr. Houghton. When the Coca-Cola was purchased, witness saw the lady who served them uncap the bottles and set them on the counter. Houghton drank all of his bottle of Coca-Cola. Witness drank some of his. He could not see anything in it, and did not save the contents of the bottle. He made no remark at the time to the ladies running the stand, but did mention it to Houghton. Thinks he was with Houghton until 2:30, and then went home and called the doctor about 3:30. In the forenoon, witness had been down on the St. Francis River "cogging" logs; was not in the vines and bushes, but was working in an open ditch; went to work about 7:00 in the morning and remained until he came home at noon; the work was about eight

miles from Paragould. Witness then testified about his work and what he was earning, and then said that the pains he was speaking of were in his head and eyes and stomach. On that day he had eaten for dinner: beans, potatoes and cornbread, and had drunk water.

Appellee's testimony was corroborated by Hovey Houghton, and he said that Young drank a little of the "coke" and set it back, saying that something was wrong with it. They went back to the barn and he noticed that appellee looked a little pale and peculiar; that he mentioned this fact to appellee. Young had made "a second try" at the Coca-Cola and pushed it back and said something was wrong with it. Young left about 2:30, and when he left he looked pale, whereas he usually was red-faced. Witness did not see him anymore for three or four weeks, and then appellee had little scales on his face.

Other witnesses testified as to appellee's injury and suffering.

Dr. R. J. Haley testified that he was called in consultation with Dr. Ellington, and appellee was found to be quite ill; his temperature was 104 degrees; his chest was blue and he was suffering from a dermatitis. He testified at length about his condition and said he was very uncomfortable, but that it was never determined what was likely to have caused the condition. Young had given a history of his actions, and when Dr. Haley was asked by the court whether the Coca-Cola could have caused Young's condition, he said it was impossible to answer; that the answer would have to be made saying that there are several or many things which might cause or give rise to such a condition; the exact cause they never did determine.

Dr. Ellington testified to practically the same facts that were testified to by Dr. Haley, and he said that he could not tell what had caused appellee's condition. When asked if the things appellee had eaten at noon— beans, potatoes and cornbread—might cause a disease like that, he answered that they might.

Dr. H. A. Stroud testified that he did not know of any substance taken internally that would cause that condition at that time, and in his experience he had found none. He also said there were some 250 or 300 well-known causes of this ailment. If it is the result of an internal cause, there would generally be other symptoms such as vomiting, cramping, etc. This witness also testified that he did not think the condition could have been caused by the drinking of a bottle of Coca-Cola.

Dr. J. A. Dillman also testified that he did not think appellee's condition was caused by any poisonous substance taken at 2 o'clock internally, and gave his reasons.

Photographs and other evidence were introduced by the appellant, but as we view the case, it is unnecessary to call attention to any other evidence.

The court instructed the jury rather fully, but was requested by the appellant to give the following instruction: ''If you should find from the testimony that the illness or injury to the plaintiff, if any, might equally as well have resulted from some cause other than drinking the Coca-Cola, you will find for the defendant.''

The court refused to give this instruction. In view of the evidence in this case, we think the court erred in its refusal to give this instruction. One seeking to recover damages for the wrongful conduct of another, must not only show that the other is guilty of negligence or wrongful conduct, but the burden is upon him also to show that the wrongful conduct caused the injury.

''The damages recovered in any case must be shown with reasonable certainty both as to their nature and in respect of the cause from which they proceed. No recovery can be had where it is uncertain whether the plaintiff suffered any damages unless it is established with reasonable certainty that the damages sought resulted from the act complained of. Hence, no recovery can be had where resort must be had to speculation or conjecture for the purpose of determining whether the damages resulted from the act of which complaint is made or from some other cause, or where it is impossible

to say what, if any, portion of the damages resulted from the fault of the defendant, and what portion from the fault of the plaintiff himself.'' 15 Am. Jur. 413.

From the evidence in this case, it appears to be uncertain whether or not the damages suffered resulted from the negligence of the appellant. That appellee drank the Coca-Cola and shortly thereafter became seriously ill is not disputed. But the evidence fails to show that the injury suffered by appellee was caused by the negligence of the defendant; that is, by selling a poisoned bottle of Coca-Cola.

Mr. Justice HUMPHREYS and the writer are of opinion that the judgment should be reversed, for the error noted, and the cause remanded for a new trial. The majority, however, are of opinion that the evidence as to the cause of the injury is speculative, and as the cause has been fully developed, the judgment should be reversed and the cause dismissed.

Since a majority is of that opinion, the judgment is reversed and the cause dismissed.