HOWARD PORTER *v.* JAMES L. DEETER AND NADEAN DEETER d/b/a DEETER REAL ESTATE

73-213                                    505 S.W. 2d 18

Opinion delivered February 11, 1964

*Robert L. Blount,* for appellant.

*Boyett & Morgan, P.A.,* for appellees.

CONLEY BYRD, Justice. This is an appeal by Howard Porter from a summary judgment in the amount of $11,122.00 entered in favor of James L. "Dobie" Deeter and NaDean Deeter d/b/a Deeter Real Estate for a commission allegedly due upon the sale of a bulk oil plant.

At the bottom of an itemized list of property dated 9/27/71, is an agreement admittedly signed by Porter which provides:

"Owner hereby agrees to give Deeter Real Estate (Agent) an Exclusive Listing on the above listed property & equipment for a period of ninety (90) days; also agree to pay Agent five per cent (5%) commission. If sold at a reduced price, commission will be reduced as agreed by Owner and Agent."

The complaint alleged that Porter, on March 1, 1972, closed a sale to Jerry Ethridge that was negotiated during the 90 day listing period, for the sole purpose of avoiding the payment of a real estate commission to appellees. The answer denied that the sale was made during the 90 day period and affirmatively alleged that appellees in obtaining the exclusive listing represented that the contract was for the purpose of preventing other real estate agencies from contacting Porter. The appellees do not contend that they procured the purchaser or that the sale resulted from their efforts.

Through interrogatories it was determined that Porter sold the property described in the listing contract for $222,440.00 to Ethridge and that the transaction was closed on March 1, 1972. Based upon the foregoing information appellees moved for summary judgment contending there was no genuine issue as to any material fact. Porter responded: (1) denying that the property was sold during the 90 day listing period; (2) contending that he was entitled to have a jury pass on the issue of whether the contract was an exclusive listing contract or an exclusive sales contract; and (3) pointing out that appellees had not produced a ready, willing and able buyer during the exclusive listing period. The affidavits attached to the response tend to support Porter's contention that no sale was made during the 90 day period. Thereafter appellees' counsel filed a reply to Porter's response to the motion for summary judgment including therein an excerpt from an alleged deposition taken of Porter. The trial court, based upon the motion for summary judgment, the interrogatories, the affidavits

of Porter and Ethridge and the response to the motion for summary judgment which contained excerpts from the alleged deposition of Howard Porter, awarded appellees a summary judgment in the amount of $11,122.00 —that amount being 5% of the full sale price of $222,-440.00. For the reasons hereinafter stated, we reverse.

1. The rule is that before a movant is entitled to summary judgment, he must show that there are no issues of fact. Ark. Stat. Ann. § 29-211(c)(Supp. 1973). The appellees in contending that the agreement here involved prohibited Porter from selling the property without becoming liable for the broker's commission rely upon such cases as *Halbert* v. *Block-Meeks Realty Co.*, 227 Ark. 246, 297 S.W. 2d 924 (1957); *Blumenthal* v. *Bridges*, 91 Ark. 212, 120 S.W. 974 (1909); and *Hardwick* v. *Marsh*, 96 Ark. 23, 130 S.W. 524 (1910). Since the language in those cases all involved or referred to "exclusive sales" of property as distinguished from the language here which only refers to "exclusive listing" of the property, we do not find them controlling of the issue raised in Porter's answer. The contract here is somewhat ambiguous particularly in view of Porter's affirmative allegation in his answer that it was represented to him as an agreement solely for the purpose of preventing him from doing business with other real estate agents. Consequently, a fact issue remains as to whether Porter reserved a right to sell the property.

2. The record, although certified as the complete record, does not contain the deposition of Howard Porter. The excerpt contained in the reply filed by appellee's counsel to appellant's response to the motion does not show affirmatively that appellees' counsel was competent to testify to the matters therein contained. Thus we need not decide whether the deposition is conclusive of the issue of whether the sale was made during the term of the listing. We note that the affidavits of Porter and Ethridge raise a fact issue—it being their contention that the sale did not take place until after the expiration of the listing.

3. On this motion for summary judgment appellees do not even contend that during the exclusive listing

period they furnished a purchaser ready, willing and able to buy the bulk plant. Having failed to so furnish a purchaser, they are not entitled to recover the full amount of the commission under the terms of the contract here involved even if it should ultimately be determined that Porter breached the contract by selling during the terms of the listing period. *Manzo* v. *Parke,* 220 Ark. 216, 247 S.W. 2d 12 (1952). Appellees' reliance upon *Halbert* v. *Block-Meeks Realty Co., supra,* overlooks the fact that in that case the agreement provided for liquidated damages in the amount of the commission in the event of a sale by the owner.

Reversed and remanded.