Jones *v.* Halliburton Co.

5-3857                                   403 S. W. 2d 51

Opinion delivered May 23, 1966

*Franklin Wilder,* for appellant.

*Daily & Woods,* for appellee.

Paul Ward, Justice. This appeal arises from the granting of a summary judgment against the appellant. In 1965 the appellee filed a petition for the registration of a 1961 Oklahoma default judgment against the appellant, preparatory to levying an execution on his property in this State. Appellant filed an answer denying personal service was had on him in Oklahoma and, among other things, alleged that the judgment was fraudulent and void. The alleged service on appellant in the 1961 proceedings was predicated upon an Oklahoma statute which provides that the ownership of a leasehold interest in that state constitutes an agreement by the non-resident owner that constructive service gives the Oklahoma court personal jurisdiction.

After the issues were properly joined by the pleadings there was a hearing at which time the appellee

moved for a summary judgment. In support of his position that the Oklahoma court had no jurisdiction over him appellant testified under oath that he was not the owner of a leasehold interest in Oklahoma as recited in the judgment. After hearing this testimony the court stated that the appellee was entitled to a summary judgment except for the one issue raised by appellant's sworn testimony denying he had owned such a leasehold interest.

Thereafter the appellee was permitted to file a copy of an unsigned contract supported by an affidavit which stated that appellant owned a leasehold interest in Oklahoma. Appellant then filed a motion to strike in which he denied he was a party to any such contract, and also denied the contents of the supporting affidavit, contending that both were false and untrue. Said motion was sworn to by appellant. The court then denied the motion to strike, and upon appellant's failure to further refute the issue, the court granted appellee's motion for summary judgment. This appeal follows.

It is our conclusion that the trial court erred in granting the summary judgment. It is true appellant refused to offer further proof or take further steps, but it was unnecessary to do so. It must be remembered that the matter was before the court on a Motion for Summary Judgment only.

We think appellant was entitled to a trial on the vital issue of whether or not he was the owner of a leasehold interest in Oklahoma at the time of the litigation in that State. In the recent case of *Griffin* v. *Monsanto Co.*, 240 Ark. 420 (p. 422), 400 S. W. 2d 492 (decided March 7, 1966), this Court, in discussing summary judgment said:

"Such a motion cannot be used to submit a disputed question of fact to the trial judge."

Referring to the statute on summary judgment,

Ark. Stat. Ann. § 29-211 (Repl. 1962), we call attention to a portion of the language in subsection (c) which reads:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and *admissions on file,* together with the affidavits, if any, show that there is *no genuine issue* as to any material fact and that the moving party is entitled to judgment as *a matter of law.*"

In the case of *Russell* v. *City of Rogers,* 236 Ark. 713, (p. 714), 368 S. W. 2d 89, in discussing the above mentioned statute, we said:

"*It has been pointed out, under the Federal Rule, that the theory underlying a motion for summary judgment is the same as that underlying a motion for a directed verdict. . . . Hence any testimony that is submitted with the motion must be viewed in the light most favorable to the party resisting the motion, with all doubts and inferences being resolved against the moving party.*"

Viewing this case in the light of the rules above set forth we are forced to conclude that a genuine, material question of fact is presented. We feel that appellant, in attempting to show he was not a lease-holder, should have an opportunity to present his witnesses and cross-examine appellee's witness in open court. Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed.

HARRIS, C. J., dissents.

McFADDIN, J., not participating.