Novella B. TISDALE and Lucien TISDALE
*v.* Richard Charles HICKS and RIVERSIDE
INSURANCE CO.

CA 79-319                               599 S.W. 2d 145

Court of Appeals of Arkansas
Opinion delivered April 23, 1980
Released for publication May 28, 1980

*Baim, Baim, Gunti, Mouser & Bryant,* by: *David K. Gunti,* for appellants.

*Holmes, Holmes & Trafford,* by: *Winfred H. Tafford,* for appellees.

DAVID NEWBERN, Judge. A summary judgment was rendered in favor of the appellee Riverside Insurance Co. The court held there was no outstanding issue of material fact with respect to whether the appellants had rejected uninsured motorist coverage. As we find the record to disclose a dispute on the matter, we reverse.

The appellants were involved in an accident with appellee Hicks who was an uninsured motorist. They sued him and the appellee Riverside. The suit against Riverside was based upon Ark. Stat. Ann. § 66-4003 (Repl. 1966), which prohibits issuance of a policy of insurance on an automobile, located principally in Arkansas, unless the policy contains uninsured motorist coverage. A proviso in the statute says "coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."

At the time the summary judgment motion was made by Riverside, the record contained only the pleadings and discovery responses of the appellants. Riverside submitted to the appellants with its discovery requests a Riverside insurance application form signed "L. L. Tisdale." The form clearly shows the word "Rejected" had been entered opposite the reference to uninsured motorist coverage with respect to each vehicle listed in the application.

In their responses to interrogatories and requests for admissions, the appellants denied having rejected the coverage, although Mrs. Tisdale admitted she "went by the office of J. L. Chaviers, a local insurance agent, and signed the application at the instruction of her husband." They further denied having received the policy, and stated that the basis of their claim of uninsured motorist coverage was "Arkansas Law." They also denied they had not paid a premium for uninsured motorist coverage. The responses to the request for admissions were verified only by Mrs. Tisdale, but no motion challenging the sufficiency of the answers was made, an no order deeming any matter to have been admitted by Mr. Tisdale was entered.

The apparent primary reason the summary judgment was granted was Mrs. Tisdale's admission she signed the application. There was no evidence, by affidavit or otherwise, that the application at the time she signed it contained the word "Rejected" in the crucial places. Nor was there any evidence of any conversation about the matter. The summary judgment denied the appellants an opportunity to prove there had been no knowing rejection of the uninsured motorist coverage.

Assuming Arkansas law would require the inclusion of uninsured motorist coverage in any policy as to which it had not been rejected, there was just not a sufficient record to form the basis of this summary judgment. Had the appellee, Riverside, introduced the insurance application by affidavit showing either that it contained the rejection when it was signed or that the coverage was offered and rejected, and had the appellants not denied it, the judgment would have been proper.

In *Lamb* v. *Midwest Mutual Insurance Co.,* 296 F. Supp. 131 (W.D. Ark. 1969), Judge Henley granted a summary judgment against one who claimed uninsured motorist coverage where a form showing he had rejected the coverage was "before the court." We cannot ascertain from the opinion whether there was anything in the record other than the form, such as an affidavit showing the form included the rejection at the time it was signed. In granting the judgment, Judge Henley pointed out:

> No claim is made that plaintiff did not execute the rejection, or that he did not understand it, or that the agent of the defendant who sold the policy was guilty of any fraud, misrepresentation or overreaching in connection with the rejection. [296 F. Supp. at 132]

We need only note that in the case before us there are sworn statements asserting the "rejection" did not occur and nothing entered to the contrary by Riverside. The application document was apparently in the record solely because the appellee submitted it to the appellants with a discovery request.

The moving party has the burden of supporting its motion for summary judgment by showing there are no remaining issues of fact. *Porter* v. *Deeter Real Estate,* 255 Ark. 1057, 505 S.W. 2d 18 (1964). In *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S.W. 2d 89 (1963), our supreme court, after general remarks on the theory of summary judgment, said:

> Hence any testimony that is submitted with the motion must be viewed in the light most favorable to the party resisting the motion, with all doubts and inferences being resolved against the moving party. [236 Ark. at 714]

Presumably we could infer from Mrs. Tisdale's admission that she signed her husband's name to the application that she rejected the coverage; however, she denied having rejected it. Construing this evidence most strongly against the appellee, however, we must conclude her having signed her husband's name does not settle the question whether the coverage was rejected by her. We agree with the appellants

that the mere placing of a signature on a document is not, as a matter of law, conclusive of all issues as to the content, meaning or validity of the document.

We cannot escape the fact that the appellant Novella Tisdale flatly denied, under oath, having rejected the coverage. Under these circumstances, a material issue of fact remained, and the summary judgment cannot stand. *Jones* v. *Halliburton Co.,* 240 Ark. 919, 403 S.W. 2d 51 (1966); *Russell* v. *City of Rogers, supra.*

Reversed and remanded.

WRIGHT, C.J., dissents.

ERNIE E. WRIGHT, Chief Judge, dissenting. The appellant, Lucien Tisdale, made written application for automobile liability insurance through the agent for appellee, Riverside Insurance Company. Uninsured motorist bodily injury and property damage are clearly rejected in the face of the application and no premium is specified in the application for such coverage. The appellant, Mrs. Tisdale, stated under oath in answer to interrogatories she executed the application for insurance at the instruction of her husband.

While Mrs. Tisdale's response to request for admissions denied she rejected uninsured motorist coverage and denied she paid no premium for such coverage, and her answer to interrogatories stated the coverage was claimed pursuant to Arkansas law, Mr. Tisdale made no response to the request for admissions. The request for admissions was addressed to both appellants and required separate responses from each. Rule 36 of the Rules of Civil Procedure requires a party to whom a request for admissions is directed to answer the request in writing and under oath within thirty days, and if not so answered the matters embraced in the request are admitted. Such answer must be made by the litigant. Response to the request by an attorney for the litigant, as was attempted in this case, is inadequate and results in the admission of facts asserted in the request for admissions. *Universal Life Ins. Co.* v. *Hawlett,* 240 Ark. 458, 400 S.W. 2d 294 (1966). This decision was prior to the effective date of Rule 36, but

the Rule is consistent with Ark. Stat. Ann. § 28-358 (Repl. 1962) then in effect.

The application for insurance was made on behalf of Mr. Tisdale only, and under a policy issued pursuant to that application Mrs. Tisdale would have coverage only to the extent the policy extends coverage to members of the insured's family.

The following requests for admissions stand admitted by Mr. Tisdale by reason of his failure to answer the requests:

> REQUEST FOR ADMISSION NO. 1: Admit that the application attached hereto, Special Risk Plan — Automobile Application, Form RVA 320 (3-72) SR, dated July 21, 1976, bearing the signature of L. L. Tisdale, was executed by the Plaintiff L. L. Tisdale.

> REQUEST FOR ADMISSION NO. 2: Admit that you received automobile insurance policy from Defendant, Riverside Insurance Company, which reflected no uninsured motorist coverage.

> REQUEST FOR ADMISSION NO. 3: Admit that you did not pay a premium for uninsured motorist coverage.

In view of these admissions by Mr. Tisdale resulting from his failure to answer the requests, we agree there is no genuine issue of material fact, and the court did not err in granting summary judgment in favor of appellees. As the named insured under the policy, Mr. Tisdale had no uninsured motorist coverage, it follows that members of his family would have no such coverage. Family members would have only such coverage as is provided by the contract between the company and the insured. Also, it is undisputed Mrs. Tisdale executed the application on behalf of Mr. Tisdale, and it clearly reflects uninsured motorist coverage is rejected and no premium is specified for such coverage. Although Mrs. Tisdale in response to requests for admissions denied the coverage was rejected and denied no premium was paid for such coverage, she made no explanation in answer to an interrogatory as to the basis for the claim for such coverage ex-

cept the response, "Plaintiff does claim uninsured motorist coverage pursuant to Arkansas Law". No assertion of fact was made by either appellant in explanation of the clear rejection in the written application of uninsured motorist coverage.

I would affirm.