_____

No. 95-2223

_____

Jane Doe; John Roe,              *
                                 *
 Plaintiffs - Appellants,        *
                                 *
        v.                       *
                                 *
Elijah Wright, individually and  *
in his official capacity as a    *
Deputy in the Pulaski County     *
Sheriff's Department; Carroll    *
Gravett, individually and in his *
official capacity as Sheriff of  *
Pulaski County,                  *
                                 *
        Defendants,              *
                                 *
Boyd A. Williams, individually   *
and in his official capacity as  *
Chief of Police of the City of   *
Helena, Arkansas, Police         *
Department,                      *
                                 *
    Defendant - Appellee.        *   Appeal from the United States
                                 *   District Court for the Eastern
    _____                         District of Arkansas

Boyd A. Williams, individually   *
and in his official capacity as  *
the Chief of Police of the City  *
of Helena, Arkansas, Police      *
Department,                      *
                                 *
    Third party defendant,       *
                                 *
        v.                       *
                                 *
Carroll Gravett,                 *
                                 *
    Third party plaintiff.       *
                                 *

                            _____

                            No. 95-2224
                            _____

Jane Doe; John Roe,              *
                                 *
        Plaintiffs,              *

```
                                   *
      v.                           *
                                   *
Elijah Wright, individually and    *
in his official capacity as a      *
Deputy in the Pulaski County       *
Sheriff's Department; Carroll      *
Gravett, individually and in his*
official capacity as Sheriff of    *
Pulaski County; Boyd A.            *
Williams, individually and in      *
his official capacity as Chief     *
of Police of the City of Helena,*
Arkansas, Police Department,       *
                                   *
      Defendants.                  *
                                   *
      _____

Boyd A. Williams, individually     *
and in his official capacity as    *
the Chief of Police of the City    *
of Helena, Arkansas, Police        *
Department,                        *
                                   *
      Third party defendant -      *
      Appellee,                    *
                                   *
      v.                           *
                                   *
Carroll Gravett,                   *
                                   *
      Third party plaintiff -      *
      Appellant.                   *

                           _____

                           No. 95-2228
                           _____

Jane Doe; John Roe,                *
                                   *
 Plaintiffs - Appellees,           *
                                   *
      v.                           *
                                   *
Elijah Wright, individually and    *
in his official capacity as a      *
Deputy in the Pulaski County       *
Sheriff's Department; Carroll      *
Gravett, individually and in his*
official capacity as Sheriff of    *
```

Pulaski County,                          *
                                       *
        Defendants,                    *
                                       *
Boyd A. Williams, individually         *
and in his official capacity as        *
Chief of Police of the City of         *
Helena, Arkansas, Police               *
Department,                            *
                                       *
    Defendant - Appellant.       *
                                 *

        _____

Boyd A. Williams, individually         *
and in his official capacity as        *
the Chief of Police of the City        *
of Helena, Arkansas, Police            *
Department,                            *
                                       *
    Third party defendant,             *
                                       *
    v.                                 *
                                       *
Carroll Gravett,                       *
                                       *
    Third party plaintiff.             *
                                       *


                    _____

            Submitted:  January 8, 1996

               Filed:  April 29, 1996
                    _____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN, Circuit Judge, and JONES,[*]
     Senior District Judge.


JONES, Senior District Judge.


    In this interlocutory appeal, plaintiffs Jane Doe and John Roe appeal
the dismissal of their § 1983 claim against defendant Boyd

_____

        [*]The HONORABLE JOHN B. JONES, Senior District Judge, United
States District Court for the District of South Dakota, sitting by
designation.

                          -3-

A. Williams (Williams).  Third Party Plaintiff Carroll Gravett (Gravett) appeals the dismissal of his contribution claim against the Third Party Defendant Williams.  We affirm.

Williams appeals the denial of his motion for summary judgment on the state law outrage claim.  We reverse.

**I.**

Plaintiffs allege that Defendant Elijah Wright (Wright), while on duty as a deputy with the Pulaski County Sheriff's Department on September 14, 1992, forced the plaintiffs to undress and engage in various sex acts in his presence.  After the plaintiffs complained to the Pulaski County Sheriff's Department, Wright was terminated.

Prior to his employment in Pulaski County, Wright was employed by the Helena Police Department from August 1987 to April 12, 1991.  While employed by the City of Helena, Wright offered to fix traffic tickets for three women in exchange for sex.  When complaints were lodged, Williams, as Chief of the Helena Police Department, reprimanded Wright and placed him on a day shift to observe him.  Wright did not engage in any similar conduct while employed in Helena.

When Wright resigned from the Helena Police Department, Williams filled out and filed with the Arkansas Commission on Law Enforcement Standards and Training a change in status report as required by Arkansas law.  Williams did not recommend that Wright be decertified as a police officer and plaintiffs assert that Williams had a duty to do so.

Before Wright was hired by the Pulaski County Sheriff's Department, a background investigation was conducted.  The investigation involved contacting the Helena Police Department.  Assistant Chief Robinson, and Officers Rowan and Lovell submitted

favorable recommendations for Deputy Wright. These recommendation letters were written in violation of department policy. Under the policy in force, only Williams was authorized to write a letter of recommendation. At the time the recommendations were given, Wright's file contained the complaints from the three women concerning the traffic tickets. The information regarding Wright's prior acts of sexual misconduct was not reported to the Pulaski County Sheriff's Department. Gravett has testified that he would not have employed Wright if he knew of his prior record.

## II.

The plaintiffs brought this action against Wright, Gravett and Williams, alleging 42 U.S.C. § 1983 claims. The plaintiffs also alleged a pendent state claim of outrage against Williams. Gravett brought a third-party complaint against Williams for indemnity or contribution in failing to report to Gravett Wright's sexual misconduct while employed by the Helena Police Department during the background check. Williams's motions to dismiss the complaints were treated as motions for summary judgment pursuant to Rule 56.

## III.

The district court dismissed the § 1983 claim of the plaintiffs and the third-party complaint of Sheriff Gravett as to Williams. The district court, relying on DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 109 S. Ct. 998 (1989), concluded that the plaintiffs could not establish a constitutional duty on the part of Williams. The district court also concluded that the actions of Williams were too attenuated to establish an actionable § 1983 claim, relying on Martinez v. California, 444 U.S. 277, 100 S. Ct. 553 (1980). The district court also held that Williams was entitled to qualified immunity.

The district court exercised supplemental jurisdiction

pursuant to 28 U.S.C. § 1367 over the plaintiffs' state law claims and denied Williams' motion to dismiss the pendent state claim of outrage.

The district court certified the causation and qualified immunity questions concerning Williams to this Court and permission to appeal was granted.

On appeal, the plaintiffs contest the dismissal of their § 1983 action against Williams. Gravett contests the dismissal of his contribution claim against Williams. On cross-appeal, Williams challenges the ruling on the plaintiffs' state claim for outrage. The jurisdiction for this appeal is founded upon 28 U.S.C. § 1292.

The standard of review for an order granting summary judgment is de novo. Landreth v. First Nat'l Bank, 45 F.3d 267, 268 (8th Cir. 1995).

**IV.**

The first inquiry in a § 1983 claim is to determine "[W]hether the plaintiff has been deprived of a right `secured by the Constitution and laws' of the United States." Martinez, 444 U.S. at 284, 100 S. Ct. at 558, quoting, Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692 (1979). This Court has held that the Due Process Clause imposes a duty on state actors to care for or protect citizens in two situations:

> first, in custodial and other settings in which the state has limited the individuals' ability to care for themselves; and second, when the state affirmatively places a particular individual in a position of danger the individual would not have otherwise have faced.

Gregory v. City of Rogers, Ark., 974 F.2d 1006, 1010 (8th Cir.

-6-

1992), cert. denied, 507 U.S. 913 (1993). Under the second alternative, the plaintiffs contend they were placed in a situation they would not have been in except for the actions and policies of Williams.

We believe the reasoning of the Martinez case is on point under the facts presented in this case. In Martinez, the plaintiffs brought a § 1983 action against the parole board after a parolee murdered a 15-year-old girl five months after his release. Martinez, 444 U.S. at 279, 100 S. Ct. at 556. The complaint alleged that the parolee was a sex offender who had been committed to the state mental hospital with the recommendation that he not be paroled. Id. The parole board was fully informed about the parolee's history and the likelihood he would commit another crime. Id. In upholding a dismissal of the § 1983 claim, the Court determined that the action of the parolee five months after his release could not fairly be characterized as state action. Id. at 285, 100 S. Ct. at 559. The incident in Pulaski County occurred approximately seventeen months after Wright had left the Helena Police. In acting in Pulaski County, Wright was clearly not acting as an agent of Williams or the Helena Police Department. Williams was not aware that the plaintiffs in this case faced any special danger, as distinguished from the public at large, from Wright. We believe the action of Williams in failing to recommend decertification of Wright is too remote to create a § 1983 claim. The fact that decertification was not requested for Wright does not make Williams liable for every subsequent action Wright takes while on duty at a different law enforcement agency.

The actions of Williams' subordinates in recommending Wright to Pulaski County in violation of the Helena Police Department's policy does not create a cause of action against Williams either individually or in his official capacity. Like the failure to recommend decertification, we believe the recommendation letters are simply too attenuated to state an actionable § 1983 claim.

In regards to Williams and the Helena Police Department, Wright was acting as a private actor while employed at the Pulaski County Sheriff's Department.  The Due Process Clause contains no language which requires the State to protect its citizens against the deeds of private actors. DeShaney, 489 U.S at 195, 109 S. Ct. at 1003.  The failure to protect an individual against private violence does not constitute a violation of the Due Process Clause.  Id. at 197, 109 S. Ct. at 1004.  While state law does require that a form be completed upon the resignation of an officer from a department, state law does not impose an affirmative duty to recommend decertification.

We have considered plaintiffs' other allegations relating to the § 1983 claim against Williams and find that none of them are meritorious. The trial court properly dismissed plaintiffs' § 1983 claim against Williams.

**V.**

Williams has brought a cross-appeal on plaintiffs' Arkansas state claim for outrage.  The district court denied Williams' motion for summary judgment on this claim ruling that genuine issues of material fact were left to be resolved regarding  Williams' intent.  The district court's application of state law is subject to de novo review. Church of God in Christ, Inc. v. Graham, 54 F.3d 522, 525 (8th Cir. 1995).  Four elements are necessary to establish the Arkansas state tort claim of outrage:

> (1) the actor intended to inflict emotional distress or knew or
> should have known that emotional distress was the likely result
> of his conduct; (2) the conduct was "extreme and outrageous,"
> was "beyond all possible bounds of decency" and was "utterly
> intolerable in a civilized community"; (3) the actions of the
> defendant were the cause of the plaintiff's distress; and (4)
> the emotional distress sustained by the plaintiff was so severe
> that no reasonable man could be expected to endure it.

Deitsch v. Tillery, 833 S.W.2d 760, 762 (Ark. 1992), citing, Counce v. M.B.M. Co. Inc., 597 S.W.2d 92, 94 (Ark. 1980). Even grossly negligent conduct cannot be characterized as "atrocious or exceeding all possible bounds of decency." Wood v. National Computer Systems, Inc., 814 F.2d 544, 545 (8th Cir. 1987). Arkansas courts take a narrow view of claims for outrage. Hamaker v. Ivy, 51 F.3d 108, 110 (8th Cir. 1995), citing, Ross v. Paterson, 817 S.W.2d 418, 420 (Ark. 1991).

The first element deals with Williams' intent. It is our view that Williams could not have formed the intent to commit the tort of outrage. The acts of Wright while working in Pulaski County are simply too tenuous to be imputed to Williams. This element couples with the third element. Williams could not foresee the acts of Wright. Therefore, Williams could not be the cause of the plaintiffs' distress.

The second element requires that the conduct be both extreme and outrageous. Id. (emphasis omitted). We look at the following factors in determining whether the conduct is extreme and outrageous, "the conduct at issue; the period of time over which the conduct took place; the relation between plaintiff and defendant; and defendant's knowledge that plaintiff is peculiarly susceptible to emotional distress by reason of some physical or mental peculiarity." Id. at 111 (citations omitted). We believe that when analyzing the factors the plaintiffs fail on all counts. The conduct of Williams complained of was the failure to recommend decertification on the change of status form and to inform the Pulaski Sheriff's Office of Wright's past misconduct. Williams' conduct can in no way be termed "extreme and outrageous." Williams had absolutely no prior contact with either of the plaintiffs. The plaintiffs were not in the custody and care of Williams. Since he had no contact with the plaintiffs there is no way he could have known if the plaintiffs were in any way susceptible to emotional distress. We choose not to address the

fourth element.  The case was dismissed on summary judgment and the record was not well-developed as to the damages the plaintiffs sustained.

The district court relied exclusively on <u>Deitsch</u> to deny Williams' motion on the outrage claim.  In our view, this case is not controlling. <u>Deitsch</u> came before the Arkansas Supreme Court following a dismissal for failure to plead a claim upon which relief could be granted.  833 S.W.2d at 761.  The plaintiffs in <u>Deitsch</u> were a group of parents whose children attended the Westside Elementary school and one employee.  <u>Id.</u>  The plaintiffs alleged the defendants, school employees, school board members and the school district, had failed to protect plaintiffs against the presence of friable asbestos in the school, thus resulting in the tort of outrage.  <u>Id.</u>  The complaint alleged that during "spring break" of March, 1990, over 30,000 square feet of ceiling tile, containing asbestos, was improperly and negligently removed.  <u>Id.</u>  The Court noted that the alleged proper standards for asbestos treatment, comprising both federal and state regulations, were set out extensively in the complaint.  <u>Id.</u> at 762.  It was alleged that the defendants were aware of the asbestos material present in the school and intentionally violated these regulations.  <u>Id.</u> at 761. We believe that <u>Deitsch</u> is distinguishable.  First, the asbestos in <u>Deitsch</u> imposed a clear and immediate danger to the children who went to school at Westside Elementary.  Second, the defendants in <u>Deitsch</u> were aware of the extensive regulation involving asbestos.  Third, the students were in the care and custody of school officials.  This created a unique relationship between the students and school officials.  Lastly, in <u>Deitsch</u> the complaint alleged that in the years prior to its removal, the asbestos had been agitated causing daily incidents of exposure.  We do not believe that Wright was a clear and immediate danger when he left the Helena Police Department.  Williams complied with state regulations in filling out the change of status report  concerning Wright's resignation from the force. Williams in no way was in care or

custody of the plaintiffs.  The conduct of Williams did not result in a pervasive daily exposure to harm.  We reverse the district court as to the outrage claim.

## VI.

Finally, we believe the indemnity and contribution claim of Gravett does not need to be addressed.  The plaintiffs' claim against Williams was properly dismissed.  Therefore, the contribution claim of Gravett against Williams is moot.

## VII.

The decisions of the district court in dismissing the § 1983 claims made by plaintiffs and Gravett against Williams are hereby affirmed.  The district court's decision denying Williams' summary judgment on plaintiffs' pendent state claim of outrage is reversed. The action is remanded with directions to dismiss all claims against defendant Williams.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.