BAXLEY *v.* LASTER.

Opinion delivered March 25, 1907.

1. CHATTEL EXEMPTIONS—HOW ENFORCED.—Personal property, including wages acquired since the filing of a schedule of exemptions, is not relieved from seizure under any process issued before the filing of a schedule claiming same as exempt. (Page 240.)

2. INJUNCTION—RESTRAINING THE ISSUANCE OF GARNISHMENTS.—Equity will not restrain the repeated issuance of writs of garnishment against a master for the purpose of seizure of a servant's wages alleged to be exempt, upon allegation that the purpose of defendant in issuing such writs was to annoy and harass plaintiff and tie up his wages; the remedy, if any, being at law for a malicious abuse of process. (Page 241.)

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; reversed.

*Carmichael, Brooks & Powers,* for appellant.

1. The complaint does not state facts sufficient to constitute a cause of action. The right is clearly conferred on plaintiffs by statute to have writs of garnishment. Kirby's Digest, § 3694. See, also, *Ib.* § 3701. And the appellee had the privilege to file a schedule and claim his exemptions. *Ib.* §§ 3904, 3905. A party can not be held liable for doing what he has a legal right to do, where the act is done in the manner provided by law. Hale on Torts, 86; 52 Ark. 101.

2. Appellee has a full, complete and adequate remedy at law. *Ubi supra;* Bankruptcy Act, § 4. If appellee suffered any injury, it was in the nature of damages, which could be recovered at law; but, the remedy pointed out by statute for the claim of exemptions appears to be his only remedy, and is exclusive. 49

Ark. 114; *Ib.* 137; 45 Ark. 400; 63 Ark. 542; 65 Ark. 215; 47 Ark. 403; 76 Ark. 575; 70 Ark. 71; 52 Ark. 549. If this is true, the chancery court was without jurisdiction. Hale on Torts, 88; 36 Ark. 481. The plaintiff has not stated facts sufficient to entitle him to the writ of injunction. High on Ex. Legal Rem. § 617; *Id.* § 6.

*W. H. Pemberton,* for appellee.

The remedy afforded at law was, under the circumstances of this case, utterly inadequate to protect the appellee from the iniquitous persecution to which he was subjected by reason of the issuance of numerous writs of garnishment, with only short intervals of time intervening. Surely, the chancery court had jurisdiction to prevent what was in effect a multiplicity of suits, and to protect him from the harassment and expense caused by the appellant's course in having an unreasonable number of writs issued. 61 L. R. A. 319-323; 41 N. W. 452; *Id.* 796; 4 Neb. 149; 5 Neb. 161; 8 Neb. 21; 48 N. W. 468; 62 N. W. 865.

BATTLE, J. A. J. Laster brought suit against W. D. Baxley and others, to enjoin them from prosecuting against him certain proceedings by garnishment. The defendants have substantially set out the allegations of his complaint as follows:

"The complaint states that the appellee is a resident of the State of Arkansas, a married man, and the head of a family, and that he was working for Leon Dreyfus; that W. B. Baxley had obtained a judgment against him for the sum of $84.70 and costs, and that the said Baxley on the 22d day of March, 1905, procured a garnishment on Leon Dreyfus; that said Dreyfus answered that he did not owe anything to the appellee, and the garnishee was discharged. That on the 11th day of April, 1905, said Baxley procured another garnishment against the said Leon Dreyfus, and that the appellee, in order to have his wages released, was compelled to schedule; that he did schedule, and the said Dreyfus was discharged, and the appellee's wages released, but that the prosecution of said writ was vexatious and annoying to the appellee. That on the 26th day of May, 1905, the said Baxley caused another writ of garnishment to be issued against Leon Dreyfus returnable on the 3rd day of June, 1905, which last date was subsequent to the filing of the complaint

herein, which was on the 30th day of May, 1905. Complaint then alleges that appellee is a married man, the head of a family of six children, the eldest being a daughter about 21 years of age, and the youngest being a daughter of about 9 years of age, and that the appellee provides and takes care of all of said six children and their mother; that all the property he owns, including the debt due him from Leon Dreyfus, does not exceed in value the sum of $237; that the only purpose and object of the said appellee in issuing said writs of garnishment was to annoy, vex and harass appellee, and to tie up his wages, which are his only means of support, to cause him to lose time and incur expenses in attending court, in issuing notices and filing schedules and claims of exempt property; that appellants knew, at the time of issuing said garnishment, that appellee's wages were, under the law, exempt from legal process; that he was put to the expense of $45 for legal services, which he has not been able to pay, and court costs, and that he ought to be relieved of such persecution. He prayed that all the appellants be enjoined and restrained from further garnishment, and that, upon a final hearing, the injunction be made permanent, and asked for damages in the sum of $100, and for costs, and for all other and further relief."

"The appellants filed the following demurrer to the complaint:

"1.    Because the complaint does not state facts sufficient to constitute a cause of action.

"2.    Because the plaintiff has a full, complete and adequate remedy at law.

"3.    Because this court has not the power to hear and determine this cause, and is therefore without jurisdiction.

"4.    Because the complaint does not state facts sufficient to entitle plaintiff to the relief sought."

"The court, after a full hearing, overruled the demurrer, and, the appellants having signified their intention of standing on the demurrer and refusing to plead further, the court perpetually enjoined and restrained the further prosecution of the garnishment suits mentioned and described in the complaint herein, and now pending in the court of A. H. Stebbins, and further ordered and adjudged that the said appellants, each and all of them, their

agents, be perpetually enjoined and restrained from the institution and prosecution of other and further garnishment suits against the said appellee, A. J. Laster, upon said judgment, in the court of A. H. Stebbins, until such time as this court, upon proper showing made to it, shall permit the institution and prosecution of such other and further suits, and that the appellant pay all costs for which execution might issue in form, as upon a judgment at law, and the appellants prayed an appeal to the Supreme Court from the judgment and decree herein, which was granted."

The statutes of this State provide as follows:

Section 3694 of Kirby's Digest, under the law of garnishment is as follows: "In all cases where any plaintiff may begin an action in any court of record, or before any justice of the peace, or may have obtained a judgment before any of such courts, and such plaintiff shall have reason to believe that any other person is indebted to the defendant, or has in his hands or possession goods and chattels, moneys, credits, and effects belonging to such defendant, such plaintiff may sue out a writ of garnishment, setting forth such claim, demand or judgment, and commanding the officer charged with the execution thereof to summon the person therein named, as garnishee, to appear at the return day of such writ and answer what goods, chattels, moneys, credits and effects he may have in his hands or possession belonging to such defendant, to satisfy said judgment, and answer such further interrogatories as may be exhibited against him; provided, if the garnishment be issued before the judgment, the plaintiff shall give bond," etc.

Section 3701 provides: "If the issue be found for the garnishee, he shall be discharged without further proceedings; but if the issue be found for the plaintiff, judgment shall be entered for the amount found due from the garnishee to the defendant in the original judgment, or so much thereof as will be sufficient to satisfy the plaintiff's judgment, together with costs."

Section 3904 of Kirby's Digest provides: "The personal property of any resident of this State, who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of $500, in addition to his or her wearing apparel, and that of his or her family, shall be exempt from

seizure on attachment or sale on execution or other process from any court, on debt by contract."

And section 3905 of Kirby's Digest provides: "The time wages of all laborers and mechanics, not exceeding their wages for 60 days, shall hereafter be exempt from seizure by garnishment or other legal process. Provided, the defendant in any case shall file with the court from which such process shall issue a sworn statement that said sixty days' wages claimed to be exempt is less than the amount exempt to him under the Constitution of the State, and that he does not own sufficient other personal property which, together with the said 60 days' wages, would exceed in amount the limits of said constitutional exemption."

Section 3906 of Kirby's Digest provides: "Whenever any resident of this State shall, upon the issue against him, for the collection of any debt by contract, of any execution or other process, of any attachment except specific attachment, against his property, desire to claim any of the exemptions provided for in article 9 of the Constitution of this State, he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, *credits and choses in action* held by himself or others for him and specifying the particular property which he claims as exempt under the provisions of said article, and, after giving five days' notice in writing to the opposite party, his agent or attorney, shall file the same with the justice or clerk issuing such execution or other process or attachment, and the said justice or clerk shall thereupon issue a supersedeas staying any sale or further proceeding under such execution, or process, or attachment, against the property in such schedule described, and claimed as exempted, and by returning the property to the defendant, and no alias execution shall be levied on property relieved from process by claim of exemption until after one year from the date of the filing of the schedule of exemptions."

The mode of claiming the exemptions allowed by law is by filing a schedule as provided by statute, and this mode is exclusive of all others. Until this is done, replevin will not lie for the exempted property. An officer can not be treated as a trespasser, and "subjected to damages and the costs of an action, merely because he has seized property which may turn out to be

exempt, for, until the schedule is filed, he has no certain means of knowing what part will be claimed, or whether any claim will be made." Neither can a bill in equity be allowed to restrain the sale of chattels under execution unless it shows that the plaintiff in such bill has no other means of stopping the sale, and that by such sale *irreparable* damage will result to him. *Settles* v. *Bond,* 49 Ark. 114; *Chambers* v. *Perry,* 47 Ark. 400; *Driggs Bank* v. *Norwood,* 49 Ark. 137; *Weller* v. *Moore,* 50 Ark. 253; *Scanlan* v. *Guiling,* 63 Ark. 540.

The statute provides that no alias execution shall be levied on property relieved from process by claim of exemption until one year from the date of the filing of the schedule of exemption; and that "if the debtor has other property than that claimed in any former schedule the officer shall levy upon the same, and if the debtor desires to claim further exemption he shall include in any schedule all his property." Sections 3906 and 3907 of Kirby's Digest. Under no statute or law of this State is property acquired since the filing of a schedule relieved from seizure under any process before the filing of a schedule claiming the same as exempt. *Weller* v. *Moore,* 50 Ark. 253.

The complaint in this case shows that appellee was in the employment of Leon Dreyfus, serving for wages; and at the issue of each writ of garnishment additional wages had been earned. These additional wages were lawfully subject to garnishment.

To sustain the decree of the court in this suit appellee cites the case of *Sevier* v. *Union Pacific R. Co.,* 61 L. R. A. 319. That was a Nebraska case. In that State it has been held that a sale of personal property which is exempt from execution may be restrained at the suit of the judgment debtor. But that is not the law in this State, and personal property does not become exempt until it is selected by schedule filed according to the statute. The ruling of the Nebraska case is contrary to the weight of authority in other States. *Parsons* v. *Hartman,* 25 Oregon, 547; *Baxter* v. *Baxter,* 77 N. C. 118; 1 High on Injunctions (4 Ed.), § 122.

But appellee alleged in his complaint that "the only purpose and object the appellants had in issuing said garnishment writs was simply to annoy, vex and harass him, and to tie up his wages,

which are his only means of support; to cause him to lose time and incur expenses in attending court and issuing notices and filing schedules and claims of exempt property, and in making defenses to said suits and to endanger his occupation." If they were using the writs of garnishment for a lawful purpose and in the manner prescribed by statute, he had no right to complain. But if he employed process, legally and properly issued, wrongfully and unlawfully for a purpose which by law it was not intended to effect, he was guilty of a malicious abuse of process, and would be liable in damages for the abuse. *Granger* v. *Hill,.* 33 E. C. L. 328, 332; *Bonney* v. *King.* 201 Ill. 50; *Wurmser* v. *Stone,* 1 Kan. App. 134; 1 Cooley on Torts (3 Ed.), p. 354; 19· Am. & Eng. Enc. Law (2 Ed.), 630·; 1 Jaggard on Torts, p. 632; 1 Kinkead on Torts, § 233.

The chancery court, by the decree in this case, "ordered and adjudged that the appellants, each and all of them, and their agents, be perpetually enjoined and restrained from the institution and prosecution of other and further garnishment suits against the appellee" upon the judgment against him without permission of the court. This is a violation of the statute allowing the issue of writs of garnishment.

Decree reversed and cause remanded with directions to the court to sustain the demurrer to appellee's complaint.