LEWIS v. BURDINE

5-3887                                    402 S. W. 2d 398

Opinion delivered May 9, 1966

*McKay, Anderson & Crumpler,* for appellant.

*Brown, Compton & Prewett,* for appellee.

PAUL WARD, Justice. This is an appeal from a $1,-500 jury verdict against appellants who attempted to collect a $72 doctor's bill allegedly owed by appellee. For a better understanding of the issues involved and how they arose we set out below a summary of the background facts and circumstances.

Mrs. Relma Burdine (appellee herein) began working for the Southern Extrusion Company in 1961, making $40 per week which (she says) was needed to help feed the family, including five boys. Soon thereafter her husband, who works in the oil fields, became ill, went to the hospital, and incurred a sizeable bill for medical treatment by Dr. Charles W. Kelley and a bill of over $60 for ambulance service. When these bills were not paid by Mr. Burdine Dr. Kelley turned them over to the Magnolia Collection Agency, Inc. for collection. Appellant, Mrs. Ruby Lewis, is the owner and manager of the Agency.

On August 18, 1964 suit was filed against appellee in the Magnolia Municipal Court to collect $72, being the balance due Dr. Kelley. On the same day and in the same action a writ of garnishment was issued against appellee's employer to impound her salary. As a result appellee was discharged by her employer in accord with a company rule. As soon as Mr. Burdine learned of the suit he promptly went to the agency and paid the $72, and the suit in the municipal court was later dismissed.

In December 1964 appellee instituted the present litigation by filing suit in circuit court against Mrs. Lewis, the agency, and Dr. Kelley, alleging their actions in connection with the municipal court proceedings constituted an abuse of process in that they knew the debt or bill in question was not her debt and that she was under no legal obligation to pay the same. Her prayer was for damages in the sum of $10,000. Appellants' answer was to the effect that appellee owed the debt to

Dr. Kelley since she had agreed to pay the same. During the trial the suit was dismissed as to Dr. Kelley, and the jury returned a verdict for $1,500 against Mrs. Lewis and the Agency.

After a careful consideration of the factual questions and the available authorities we have concluded the judgment of the trial court must be affirmed.

We refrain from discussing in detail the points relied on by appellants for a reversal for the reason that they deal primarily with questions related to an action for malicious prosecution. Appellants' contentions are that they would not be liable in the absence of a showing of malice on their part in bringing the original action in municipal court. Also, it is stressed that they could not be held liable in this case because the litigation terminated in their favor, citing numerous cases in support.

We think, however, that the case must be affirmed because there was the showing of an abuse of process in connection with the garnishment served on appellee's employer. The jury found, under proper instructions (supported by substantial evidence) that the debt in question was not the debt of appellee; that appellee did not agree to pay her husband's debt, and; that appellants were aware of all these facts at all times.

Damages based upon an abuse of process were recognized as proper in the early cases of *Baxley* v. *Laster*, 82 Ark. 236 (p. 242), 101 S. W. 755 and *Greer* v. *Cook*, 88 Ark. 93 (p. 96), 113 S. W. 1009. In the Baxley case we find this statement:

> "But if he employed process, legally and properly issued, wrongfully and unlawfully for a purpose which by law it was not intended to effect, he was guilty of a malicious abuse of process, and would be liable in damages for the abuse."

To the same effect we said, in the *Greer* case:

"The fact that the creditor instituted the suit in a foreign jurisdiction for the sole purpose of vexation and oppression does not authorize the interposition of a court of equity by injunction. The remedy, if any, is at law for the malicious abuse of process."

Volume 1. Am. Jur. 2d, Sec. 6, page 255, Abuse of Process, contains this statement:

"The abuse consists in the unlawful method by which the act is done; the intentional use of this method constitutes malice in law, and the action will lie if there is proof that the process was used under circumstances amounting to either actual or implied malice."

*Prosser, Torts,* § 115 (3d ed. 1964) contains this statement:

"Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish. . . . Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause. . . . It is often said that proof of 'malice' is required; but it seems well settled that, except on the issue of punitive damages, this does not mean spite or ill will, or anything other than improper purpose itself for which the process is used. . . . The essential elements of abuse of process . . . have been stated to be: First, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding."

In Restatement of Law, Torts, p. 443, § 674 d., under the topic of "Wrongful Civil Proceedings," there

appears a statement which is pertinent here and in line with the authorities above mentioned.

Not only did appellants know the debt in question was not the debt of appellee but the records show they also knew (by their own Exhibit No. 2) that seven regular payments had been made thereon since June 28, 1963. These payments had reduced the debt from $121 to $72, the last payment being made just twenty days before the issuance of the garnishment.

It is our conclusion therefore that the judgment must be affirmed, and it is so ordered.

Affirmed.

BLAND, J., not participating.