WALTER SMITH AND B. J. McADAMS, INC. *v.*
RALPH NELSON

73-162                                    501 S.W. 2d 769

Opinion delivered December 3, 1973

*Smith, Williams, Friday, Eldredge & Clark,* by: *Frederick S. Ursery,* for appellants.

*Howell, Price, Howell & Barron,* for appellee.

FRANK HOLT, Justice. A jury awarded appellee $2,000 for compensatory damages in a cause of action based upon malicious prosecution and abuse of process. The sole contention on appeal is that the abuse of process instruction was not warranted by the evidence.

In determining if the evidence is sufficient to submit a cause or issue to the jury, we review the evidence most favorable to the appellee. *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S.W. 2d 689 (1935). Appellee Nelson was hired by appellant McAdams as an assistant driver to Harold Starnes in the operation of one of McAdams' fleet of tractor trailer rigs. During several out of state deliveries, the truck was dispatched to Los Angeles, California, where Starnes and Nelson arrived on Monday, June 29, 1970. The load was delivered and the two drivers checked into a motel. Tuesday morning Starnes called McAdams' dispatcher for further instructions and requested additional expense money. Company policy required a call each day from them. The dispatcher informed Starnes that no loads were available and that additional living expense money had been wired to Jerry's Richfield Truck Stop. Starnes and Nelson proceeded to the truck stop but found no money for them. Starnes again called the dispatcher and was reassured that this expense money had been sent there. The two drivers again ascertained that no funds were there and also checked with the local Western Union where they found no money for them. Both were broke and appellee had to borrow funds. A call was made every day requesting financial relief and hauling instructions until appellee's arrest on Sunday, July 5. It appears that upon Nelson's call on July 5 unpleasant words were exchanged between him and the dispatcher, resulting in Nelson's refusal to tell the dispatcher the whereabouts of the truck other than it was in the vicinity. Nelson, however, furnished his address and telephone number and the local police arrived soon thereafter with a warrant for Nelson and Starnes' arrest. During the week the

warrant had been sworn out by appellant Smith at the direction of appellant McAdams. The warrant charged Nelson and Starnes with larceny by bailee. Ark. Stat. Ann. § 41-3929 (Repl. 1964). Upon his arrest Nelson took the deputies to the nearby truck. Appellant McAdams immediately sent a driver to Los Angeles to pick up his truck. Appellee Nelson and Starnes waived extradition and were returned to Little Rock where the alleged offense was dismissed by the local municipal court.

At trial McAdams adduced evidence that for several days he could not locate appellee Nelson and Starnes or the whereabouts of his property and his purpose in procuring the warrant was the return of his truck. He further testified that he did not intend to have the men arrested and neither knew nor cared whether the two drivers were tried on the charges.

The requirements giving rise to a cause of action for abuse of process are found in Prosser, Law of Torts, § 121 (4th Ed. 1971), and are:

(1) a legal procedure set in motion in proper form, even with probable cause, and even with ultimate success, but,

(2) perverted to accomplish an ulterior purpose for which it was not designed, and

(3) a wilful act in the use of process not proper in the regular conduct of the proceeding.

See also Harper and James, I The Law of Torts, § 4.9 (1956), and generally 72 C.J.S. 1189, and 1 Am. Jur. 2d 250. A paucity of cases involving this type of a tort have reached the appellate level in this jurisdiction. The leading case dealing with the cause of action is *Lewis* v. *Burdine*, 240 Ark. 821, 402 S.W. 2d 398 (1966), where a wife was sued by a collection agency for her husband's debt to a doctor. In the same suit a writ of garnishment was issued before judgment and the wife's salary impounded resulting in her loss of employment. The wife was found not liable on the debt. The writ of garnish-

ment was held to have been a misuse or abuse of process. See also *Baxley* v. *Laster,* 82 Ark. 236, 101 S.W. 755 (1907), dealing with abuse of process and writs of garnishment issued for the purpose of harassment.

The crux of the misuse or abuse of process is the improper use of it *after* issuance. In other words, abuse of process constitutes a form of extortion or coercion. Prosser, *supra.* The test of process abuse is not whether the process was originally issued with malice and without probable cause. The remedy in that situation would be an action for malicious prosecution which was asserted in the case at bar. Here we have no abuse or coercive act subsequent to the issuance of the warrant. Although it be said that McAdams' testimony confirmed an ulterior purpose in procuring the warrant, no coercive act followed such as existed by the writ of garnishment in *Lewis* v. *Burdine, supra.* Without the coercive distinction every action for malicious prosecution would include the tort of abuse of process. Certainly it cannot be said that the reclaiming of one's own property, as in the case at bar, should be characterized as a subsequent act that constituted a perverted use of the warrant. We hold that the facts, when viewed most favorably to appellee, do not support a submissible issue on abuse of process.

Reversed and remanded.