UNION NATIONAL BANK of Little Rock *v.* Kemal
KUTAIT

92-246                                    846 S.W.2d 652

Supreme Court of Arkansas
Opinion delivered February 8, 1993
[Rehearing denied March 15, 1993.]

*Shults, Ray & Kurrus*, by: *Thomas Ray*, for appellant.

*Cearley Law Firm*, by: *Robert M. Cearley, Jr.*; and *Owings Law Firm*, by: *Steven A. Owings*, for appellee.

DAVID NEWBERN, Justice. This is an abuse of process case. It was brought by the appellee, Dr. Kemal Kutait, against the appellant, Union National Bank of Little Rock (the Bank). Dr. Kutait alleged the Bank was liable for malicious prosecution as well as abuse of process due to its unjustified action against him for $5 million alleging improprieties and dishonesty in a business relationship. The Trial Court directed a verdict on the malicious prosecution aspect of the claim, finding that the Bank's action against Dr. Kutait was, although unsuccessful, commenced with probable cause. The abuse of process claim was tried, and a jury found in favor of Dr. Kutait. The Bank contends the evidence does not support an abuse of process judgment as there was no "process" issued subsequent to the complaint it filed against Dr. Kutait. We agree with the Bank's argument, and thus we must reverse and dismiss the case.

The Bank's suit against Dr. Kutait was filed August 7, 1987, asserting (1) breach of a contract of guaranty on a loan to Leird Church Furniture Manufacturing Co. (Leird); (2) fraud; (3) intentional tortious interference with a guaranty contract between the Bank and the Economic Development Administration (EDA); (4) intentional interference with loan agreements between the Bank and Leird; and (5) breach of Dr. Kutait's duty as a director of Leird.

In 1981 the Bank loaned money to Dr. Kutait's brother, Ed Kutait, to start Leird, a furniture manufacturing business. Dr. Kutait guaranteed a portion of the loan and served on Leird's board of directors. Conflicts arose between the Bank and Ed Kutait. Leird filed for bankruptcy in 1984. At that time Ed Kutait and others were suing the Bank in a federal court for $15 million in damages upon various allegations, including fraud, arising out of their business relationship.

During the federal litigation the Bank deposed Dr. Kutait and learned that he was supporting his brother financially. The 1987 suit was filed shortly after the deposition. The Bank's claims against Dr. Kutait were all arguably time barred or lacking in a factual basis. Dr. Kutait contended the claims accusing him of dishonesty and deceit caused distress which was exacerbated by the $5 million in damages sought in the suit. His counsel sought to have the case dismissed for lack of a sound legal basis. During the

process of negotiations counsel for the Bank allegedly suggested it would dismiss the suit if Dr. Kutait would influence his brother to drop his federal court claim against the Bank.

Dr. Kutait refused to attempt to influence his brother. On August 25, 1988, shortly before trial the Bank dropped its claim against Dr. Kutait by taking a voluntary nonsuit. The Bank could have refiled its claim against Dr. Kutait within one year, but it did not do so. Dr. Kutait filed this malicious prosecution and abuse of process action two months after the federal court jury returned a verdict for Ed Kutait against the Bank in excess of $5 million. He sought compensatory and punitive damages arguing that the institution of the 1987 lawsuit was without probable cause.

At the trial, testimony was presented supporting the allegation that the Bank's counsel said the suit against Dr. Kutait would be dropped if he used his influence to get his brother to drop his federal court claim.

The Bank raises several arguments. We need only address the first of them, *i.e.*, that the Court erred in refusing to grant its motion for a directed verdict on the abuse of process claim.

### *Abuse of process*

The nature of abuse of process was considered in *Smith & McAdams Inc.* v. *Nelson*, 255 Ark. 641, 501 S.W.2d 769 (1973). We quoted with approval from W. Prosser, *Law of Torts* § 121 (4th Ed. 1971), three requirements to sustain an abuse of process action. There must be:

> (1) a legal procedure set in motion in proper form, even with probable cause, and even with ultimate success, but, (2) perverted to accomplish an ulterior purpose for which it was not designed, and (3) a wilful act in the use of process not proper in the regular conduct of the proceeding.

In that case and others we have determined that abuse of process is somewhat in the nature of extortion or coercion. The key is improper use of process after issuance, even when issuance has been properly obtained. In the *Smith & McAdams, Inc.*, case we stated, "The test of process abuse is not whether the process was originally issued with malice and without probable cause.

The remedy in that situation would be an action for malicious prosecution which was asserted in the case at bar." In *Cordes* v. *Outdoor Living Ctr., Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989), we reiterated that it does not matter, when considering abuse of process, whether the legal procedure set in motion was indeed founded upon probable cause because the second requirement is that the procedure must have been perfected to accomplish an ulterior purpose for which it was not designed.

The Bank argues that the evidence presented failed to support all the elements of the claim. We agree there was no "process" abused subsequent to the initiation of the action and, therefore, the third of the elements of the claim failed. The only process issued in the 1987 suit was the summons which accompanied the complaint served on Dr. Kutait. It was the fact of the filing of the lawsuit against him which formed the basis for Dr. Kutait's complaint and not a specific abusive use of any "process" like the issuance of summons, serving of an arrest warrant, or improper actions in the process used to obtain discovery.

In each of our prior cases we have had some specific act of this nature to consider in determining that the elements of abuse of process were met, and we have not extended the tort to include the filing of a vexatious action. *See, e.g., Culpepper* v. *Smith*, 302 Ark. 558, 792 S.W.2d 293 (1990) [arrest warrant]; *Cordes, supra* [arrest warrant]; *Peterson* v. *Worthen Bank*, 296 Ark. 201, 753 S.W.2d 278 (1988) [writs of garnishment]; *Smith & McAdams, Inc.* v. *Nelson*, 255 Ark. 641, 501 S.W.2d 769 (1973) [arrest warrant]; *Lewis* v. *Burdine*, 240 Ark. 821, 402 S.W.2d 398 (1966) [writ of garnishment]; and *Baxley* v. *Laster*, 82 Ark. 236, 101 S.W. 77 (1907) [writs of garnishment].

In *Farm Service Cooperative* v. *Goshen Farms*, 267 Ark. 324, 590 S.W.2d 861 (1979), we specifically rejected a claim that the filing of a vexatious lawsuit was sufficient to establish the action. We noted with approval a description of abuse of process as "a narrow tort," and we made it clear that evidence of filing of vexatious litigation is not sufficient. In this case, we cannot even say we are dealing with a vexatious action as the Trial Court found it was filed with probable cause and that finding has not been questioned on appeal.

Dr. Kutait urges an expansion of our definition of abuse of

process to include the filing of parallel litigation to accomplish an ulterior coercive purpose. He cites a variety of cases from other jurisdictions generally supportive of his position that the filing of litigation for a perverse purpose is sufficient process. The Bank counters with citations from other jurisdictions which hold to the contrary and reject the mere filing of litigation as satisfying the requirements for abuse of process.

We need not resort to the law in other jurisdictions as the opinion and holding in the *Farm Service Cooperative* case provide ample guidance. To sustain an abuse of process claim, there must have been issuance of process subsequent to initiation of suit, and the additional process must have been utilized for a coercive or improper purpose. While that may seem a mechanical sort of rule, this case demonstrates the wisdom of it. Were we to hold that the filing of the action satisfied the "process" requirement we would put ourselves in the position of holding that one may be liable for the filing of an action with probable cause. Even if the Bank had an ulterior motive for suing Dr. Kutait, and even if that motive had been improper, we would not wish to say that any citizen is precluded from bringing an action when there is probable cause to do so. Abuse of process issued thereafter is a different matter, and that did not occur here.

Reversed and dismissed.