Daniel HARMON *v.*
CARCO CARRIAGE CORPORATION and Martha Arends

94-1217                                                895 S.W.2d 938

Supreme Court of Arkansas
Opinion delivered April 10, 1995

*Blackman Law Firm*, by: *Phillip Crego* and *Christopher Jester*, for appellant.

*Penix, Penix, Lusby & Nix*, by: *Robin Nix*, for appellees.

DONALD L. CORBIN, Justice. Appellant, Daniel Harmon, appeals an order of the Craighead County Circuit Court granting summary judgment to separate appellees, Carco Carriage Corporation (Carco) and its employee, Martha Arends, on appellant's claims for malicious prosecution and abuse of process. As this case presents a question about the law of torts, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(16). The trial court erred in granting summary judgment on both claims. Therefore, we reverse and remand for trial.

Appellant filed suit against appellees asserting claims of malicious prosecution, abuse of process, and outrage. Appellant later withdrew his claim of outrage. The complaint stated that on June 18, 1991, appellees initiated criminal prosecution against appellant for theft of leased property, alleging appellant had rented from appellees and failed to return a 1991 Pontiac Grand Am automobile. Appellant was arrested, tried, and found not guilty of theft of leased property.

This suit followed. We consider separately the claims for malicious prosecution and abuse of process. First, however, as this court did in *Culpepper* v. *Smith*, 302 Ark. 558, 560-61, 792 S.W.2d 293, 294 (1990), we recite

> [t]he procedures to be followed and the assumptions to be made in reviewing rulings granting summary judgments [which] have now become axiomatic. . . . The burden is on movant to demonstrate the absence of a genuine issue of fact. All emphasis is drawn against the moving party, and when reasonable minds might differ as to conclusions to be drawn from the facts disclosed, a summary judgment is not appropriate. [Citation omitted.] The purpose of a summary judgment is not to try issues, but to determine if there are issues to be tried. If doubt exists, summary judgment should not be granted. [Citations omitted.] When considering the facts, the court should view the testimony relating thereto in the light most favorable to the party against whom the judgment is sought. [Citation omitted.]

## PROOF PRESENTED TO TRIAL COURT

Viewing the pleadings and evidence respecting the summary judgment motion in the light most favorable to appellant, we observe that in his complaint, appellant contended the prosecution for theft of leased property arose out of a dispute between him and Hertz Claim Management Corporation (HCM), after appellant was involved in an automobile collision. Pending settlement of appellant's claim from the collision, HCM provided him with the 1991 Pontiac Grand Am via appellee, Carco, the Hertz licensee in Jonesboro, Arkansas. According to appellant's complaint, HCM refused to extend the lease agreement on the 1991 Pontiac Grand Am past June 17, 1991, and instructed

appellees Arends and Carco to collect the rental from appellant or obtain the return of the Grand Am. Appellee Arends then completed an affidavit for a warrant for appellant's arrest, stating that appellant had leased the Grand Am and refused to return it. Thus, appellant alleged, appellees maliciously initiated criminal prosecution against him for the sole purpose of collecting a civil debt.

Appellees answered the complaint, admitting the affidavit for arrest and that appellant had been found not guilty of theft of leased property. However, appellees denied any knowledge of the automobile collision, and any relationship between appellant and HCM or between themselves and HCM. Appellee Arends denied acting pursuant to any instruction from HCM. The parties engaged in discovery, and appellees moved for summary judgment. In the motion, appellees referred to a deposition of appellant and an affidavit of appellee Arends; however, no such documents were attached to the motion or brief in support thereof.

Appellant filed a response to the motion for summary judgment and brief in support thereof asserting that appellees had failed to disclose material facts, and that these facts were in dispute. Appellant attached portions of appellee Arends's deposition to his response and alleged that appellee Arends failed to disclose to the police all the facts known to her when she swore out the arrest warrant. Also attached to appellant's response was an affidavit of Judge Bill Webster, the Jonesboro Municipal Judge, stating that he had read appellee Arends's deposition and that if he had known the facts not disclosed by appellee Arends, he would not have found probable cause for the arrest warrant.

## MALICIOUS PROSECUTION

This court has previously set out the elements of malicious prosecution as follows: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *Cox* v. *McLaughlin*, 315 Ark. 338, 867 S.W.2d 460 (1993).

Here, the trial court granted summary judgment on the basis that probable cause existed to charge appellant with theft

of leased property and that appellees acted without malice. This court has stated that the issue of probable cause may be decided as a matter of law on summary judgment only if both the facts relied upon to create probable cause and the reasonable inferences to be drawn from the facts are undisputed. *Wal-Mart Stores, Inc.* v. *Yarbrough*, 284 Ark. 345, 681 S.W.2d 359 (1984). In the context of malicious prosecution, this court has defined "probable cause" as a state of facts or credible information which would induce an ordinarily cautious person to believe that the accused is guilty of the crimes charged. *Cordes* v. *Outdoor Living Center, Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). Moreover, in the context of malicious prosection, this court has defined "ordinary caution" as "'a standard of reasonableness which presents an issue for the jury when the proof is in dispute or subject to different interpretations.'" *Cox*, 315 Ark. at 347, 867 S.W.2d at 464 (quoting *Hollingsworth* v. *First Nat'l Bank & Trust Co.*, 311 Ark. 637, 640, 846 S.W.2d 176, 178 (1993)); *Cordes*, 301 Ark. at 31, 781 S.W.2d at 33.

■  In his response to the motion for summary judgment, appellant contended that appellee Arends had failed to disclose to the police all the facts known to her when she swore out the affidavit for arrest warrant, specifically, that she knew the Grand Am was available to be picked up, and that she only sought the return of the Grand Am, rather than appellant's arrest. In her deposition, which was attached to appellant's response, appellee Arends stated that she knew the car was available to be picked up in Piggott, Arkansas. Such knowledge on her part creates a dispute as to the existence of probable cause to charge appellant with theft of leased property. Additionally, appellant claims appellee Arends failed to disclose that she did not want appellant arrested, rather she wanted the Grand Am returned. Judge Webster stated in his affidavit, which was also attached to appellant's response, that if he had known appellee Arends knew the Grand Am was available to be picked up, and that she only sought the return of the Grand Am, he would not have found probable cause existed to arrest appellant for theft of leased property. Clearly then, the material fact of probable cause was in dispute and presented a question for the jury to resolve. We have no hesitation in concluding the trial court erred in granting summary judgment on the claim for malicious prosecution.

## ABUSE OF PROCESS

This court has stated the elements of the tort of abuse of process as follows:

> (1) a legal procedure set in motion in proper form, even with probable cause, and even with ultimate success, but, (2) perverted to accomplish an ulterior purpose for which it was not designed, and (3) a wilful act in the use of process not proper in the regular conduct of the proceeding.

*Union Nat'l Bank* v. *Kutait*, 312 Ark. 14, 16, 846 S.W.2d 652, 654 (1993). The key to this tort is the improper use of process after issuance to accomplish an ulterior purpose for which the process was not designed. *Id.* It is the purpose for which the process is used, once issued, that is of importance. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts*, § 121, at p. 897 (5th ed. 1984). Abuse of process is somewhat in the nature of extortion or coercion. *Kutait*, 312 Ark. 14, 846 S.W.2d 652.

In their brief, appellees rely on *Smith & McAdams, Inc.* v. *Nelson*, 255 Ark. 641, 501 S.W.2d 769 (1973), a case where the owner of a truck initiated criminal prosecution on charges of larceny by bailee against its employee-drivers to recover the truck. The employees were arrested and brought to court where the charges were dismissed. At the ensuing trial for abuse of process, the truck owner testified his purpose in procuring an arrest warrant was to obtain the return of the truck; he testified further that he did not know nor care whether the drivers were tried on the charges. This court held there was no action taken subsequent to the filing of the charges, therefore there was no extortion or coercion. *Nelson* is distinguishable from the present case in that the criminal charges were dismissed in *Nelson* but brought to trial in the present case.

In the present case, the trial court granted summary judgment on appellant's claim for abuse of process stating that no wrongful action was taken by either appellee after the charges were filed. The record clearly reflects facts from which a reasonable inference to the contrary of the trial court's finding may be drawn. After appellee Arends completed the affidavit for arrest warrant and after she was told the Grand Am was available to be picked

up, she did nothing to prevent the issuance of the warrant or the bringing of appellant to trial on the charge of theft of leased property, for which appellant was ultimately acquitted. The material issue of whether appellees' use of legal process continued after the filing of the criminal charge until appellant was tried and acquitted was therefore in dispute.

■■ Further, according to appellee Arends's deposition, she only sought the return of the Grand Am, not appellant's arrest. The use of criminal prosecution to extort payment of money or recovery of property has been cited by one treatise as a classic example of the tort of abuse of process. *Prosser and Keeton* at pp. 898, 899. In addition, this court has indicated that the service of an arrest warrant may constitute abuse of process. *Kutait*, 312 Ark. 14, 846 S.W.2d 652. Consequently, the record reflects a dispute as to the material issue of whether appellees pursued appellant's arrest and criminal prosecution for the sole purpose of recovering property. The proof on this issue was susceptible of producing more than one inference and therefore should have been presented to a jury. We have no hesitation in concluding the trial court erred in granting summary judgment on the claim of abuse of process.

The order granting summary judgment is reversed and the case is remanded for trial.

DUDLEY, J., not participating.