**James HARDY, et al., Plaintiffs/Counterclaim Defendants**

v.

**George BARTMESS, Defendant/Counterclaimant.**

No. 1:09CV00041 SWW.

United States District Court, E.D. Arkansas, Batesville Division.

March 8, 2010.

David Anthony Szwak, Bodenheimer, Jones & Szwak, LLC, Shreveport, LA, for Plaintiffs/Counterclaim Defendants.

James E. Smith, Jr., Smith Akins, P.A., Little Rock, AR, M. Blair Arnold, Murphy, Thompson, Arnold, Skinner & Castleberry, Batesville, AR, for Defendant/Counterclaimant.

## ORDER

SUSAN WEBBER WRIGHT, District Judge.

James Hardy, Jr. ("Hardy"), Mary Hardy, John Hardy, Hardy Resources, LLC,

Hardy Energy Services, Inc., B & H Resources, LLC, and Elite Coil Tubing Solutions, LLC commenced this action pursuant to the Court's diversity jurisdiction against Defendant George Bartmess ("Bartmess"), charging Bartmess with fraud, breach of fiduciary duties, and breach of contract. Bartmess filed a counter-complaint, charging Plaintiffs with breach of contract, slander of title, and abuse of process.

Pending before the Court are (1) Plaintiffs' motion to strike the amended answer (docket entry # 43); (2) Bartmess's amended motion to cancel notice of *lis pendens* (docket entry # 54), Plaintiffs' response in opposition (docket entry # 56), and Bartmess's reply (docket entry # 57); (3) Plaintiffs' motion for partial dismissal of Bartmess's counterclaim (docket entry # 55), Bartmess's response in opposition (docket entry # 58), and Plaintiffs' reply (docket entry # 65); (4) Plaintiffs' motion to strike exhibits (docket entry # 55); Bartmess's response in opposition (docket entry # 58), and Plaintiffs' reply (docket entry # 65); (5) Plaintiffs' motion for a more definite statement (docket entry # 55), Bartmess's response in opposition (docket entry # 58), and Plaintiffs' reply (docket entry # 65); and (6) Bartmess's motion to set aside or amend the parties' agreed protective order (docket entry # 67), and Plaintiffs' response in opposition (docket entry # 69). After careful consideration, and for reasons that follow, Plaintiffs' motion to strike the amended answer will be denied, Bartmess's amended motion to cancel notice of *lis pendens* will be denied, Plaintiffs' motion to dismiss a portion of the counterclaim will be granted; Plaintiffs' motion to strike exhibits will be granted in part; Plaintiffs' motion for a more definite statement will be denied; and Bartmess's motion to set aside or amend the agreed protective order will be denied.

### Amended Motion to Cancel Notice of Lis Pendens

In 2007, Hardy, a resident of Louisiana, and Bartmess, a resident of Arkansas, formed B & H Resources, LLC ("B & H") for the purpose of carrying on a sand mining operation on Bartmess's land located in Izard, County Arkansas (hereinafter "Bartmess land"). Hardy and Bartmess were 50% members of B & H, with Hardy contributing capital, marketing, engineering, and technical support and Bartmess contributing land.

Hardy claims that Bartmess engaged in self dealing and committed multiple violations of the operating agreement governing B & H activities. On November 12, 2008, Hardy and his co-plaintiffs in. this case filed suit against Bartmess in Louisiana state court, charging him with breach of contract, self dealing, and and fraud. *See* docket entry # 54, Ex. A. In addition to filing a complaint in Louisiana, Hardy filed a notice of *lis pendens* in Izard County, Arkansas, giving notice that the Louisiana civil case has the potential to affect the rights, title, and interests of portions of the Bartmess land. *See* docket entry # 48, Ex. E.

After Hardy filed suit in Louisiana, the parties attempted to settle their differences. Hardy alleges that on December 2, 2009, Bartmess informed him that he had a written option to purchase a 105 acre tract adjacent to the Bartmess land. Amended Compl., ¶ 165. According to Hardy, Bartmess agreed to exercise his option and sell the 105 acre tract to Hardy, and that promise was a "material and principal inducement" for Hardy to enter a buy-sell agreement signed by the parties on December 10, 2008. The buy-sell agreement provides, among other things, that Hardy will purchase Bartmess's interest in B & H and a portion of the Bartmess land.

Hardy alleges that the buy-sell agreement was not executed as planned because Bartmess refused to execute certain documents necessary for closing related real estate transactions. Additionally, Hardy alleges that Bartmess reneged on his promise to sell him the aforementioned 105 acre tract and instead sold his interest to a close friend. According to Hardy, Bartmess continues to compete with B & H and has refused him access to property owned by B & H.

Hardy and co-plaintiffs Hardy Resources LLC, B & H, James Hardy, Jr., Mary Hardy, Hardy Energy Services, Inc., Elite Coil Tubing Solutions, LLC, Northstar Farms LLC, and John Hardy commenced this lawsuit on March 16, 2009, pursuant to the Court's diversity jurisdiction. Hardy sues Bartmess for fraud, breach of fiduciary duties, theft, conversion, self dealing, and breach of contract. Hardy seeks, among other things, monetary relief and an injunction preventing Bartmess from conducting mining operations on the Bartmess land and obstructing Plaintiffs' ability to conduct mining operations on the land.

On September 8, 2009, Bartmess filed a motion to cancel the aforementioned notice of *lis pendens,* asserting that the Louisiana complaint seeks only a money judgment and does not directly affect title to the real property. Chief Judge Leon Holmes, who later recused from the case, denied Bartmess's motion, stating as follows:

> The difficulty, however, is that Bartmess has provided no authority for the proposition that this Court can cancel a notice of *lis pendens* that does not pertain to this action. The notice pertains to an action in Louisiana and is filed in the office of the Izard County Clerk; it does not pertain to this action and is not filed in the records of this Court. Although Bartmess acknowledges that the subject matter jurisdiction over the *lis pendens* notice would lie in the Circuit Court of Izard County, he contends that this Court has supplemental jurisdiction over that issue pursuant to 28 U.S.C. § 1367(a). The difficulty with that argument is that there is no pleading in this action stating any claims relating to the notice of *lis pendens.* There is no complaint nor counterclaim for slander of title nor of any other action that would authorize this Court to issue an order pertaining to the notice of *lis pendens.* No action has been commenced in Izard County and removed to this Court, nor has any other pleading been filed that would give this Court jurisdiction to resolve that dispute.

Docket entry # 40.

Now before the Court is Bartmess's amended motion to cancel the notice of *lis pendens.* Bartmess contends that the basis for Judge Holmes' decision to deny his original motion no longer exists because he has filed a counterclaim in this case charging Hardy and others with slander of title and abuse of process.

In denying Bartmess's original motion, Judge Holmes had no cause to investigate the asserted basis for the motion: that Hardy seeks only monetary damages in the Louisiana proceeding. However, having reviewed the Louisiana complaint, the Court finds that Hardy seeks more than monetary relief—specifically, an order enjoining Bartmess from transferring any portion of the Bartmess land to third parties who might attempt to interfere with the right and activities of B & H and requiring Bartmess to make an "agreed contribution" to B & H.[1] *See* docket entry

---

1. According to the complaint allegations, Bartmess agreed to contribute 249 acres of land and the right to access Bartmess's land for the purpose of egress and ingress to the 249 acres. *See id.,* ¶¶ 62, 69.

# 54, Ex. A, ¶ 181. While the Court agrees that the Arkansas *lis pendens* statute does not authorize the filing of a *lis pendens* where the only potential interest in real property is the possibility that it may be needed to satisfy a money judgment, *see United States v. Jewell,* 556 F.Supp.2d 962, 964 (E.D.Ark.2008) (citations omitted), the Court does not find that circumstance present here. Accordingly, the motion to cancel the notice of *lis pendens* will be denied.

### Plaintiffs' Motion to Strike Amended Answer

■ Plaintiffs ask the Court to strike "insufficiently plead" defenses in the amended answer or, alternatively, to order Defendants to provide a more definite statement. In support of this motion, Plaintiffs object to a portion of the amended answer, located below the heading "Motion to Dismiss," which reads: "The Plaintiffs' Amended Complaint should be dismissed pursuant to FRCP 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(7)." Docket entry # 42, ¶ 231.

The Local Rules of this Court clearly state that "motions to dismiss ... shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief." E.D. Ark. Local Rule 7.2(e). Accordingly, the objected-to portion of the amended answer, which ostensibly seeks dismissal of the amended complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, is mere surplusage and without effect. Plaintiffs will suffer no prejudice if the surplus language remains in the amended pleading, and the Court finds no cause to grant the motion to strike or for a more definite statement.

### Plaintiffs' Motion for Partial Dismissal of Defendant's Counterclaim

With his counterclaim, Bartmess asserts breach of contract claims against Hardy and B & H and slander of title and abuse of process claims against all plaintiffs. Plaintiffs move for partial dismissal of Bartmess's counter complaint, asserting that Bartmess fails to allege facts sufficient to state a claim for abuse of process, slander of title, or "anticipatory breach." Additionally, Plaintiffs assert that no valid claim has been alleged against Hardy Resources, LLC and that Defendants are not entitled to attorneys' fees.

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all *facts* alleged in the complaint, or in this case the counterclaim, are assumed to be true.[2] *Doe v. Norwest Bank Minn., N.A.,* 107 F.3d 1297, 1303–04 (8th Cir.1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little,* 109 F.3d 432, 434 (8th Cir.1997), and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint.

### Choice of Law

■ As a threshold matter, the Court is obliged make an independent determination as to which state's law governs the substantive issues in this case. When federal jurisdiction is based on diversity of citizenship, a federal court looks to the choice-of-law principles of the forum

---

2. Plaintiffs' brief in support of their motion to dismiss contains 52 pages of "background" material, which the Court will not consider in determining whether Bartmess alleges facts sufficient to state a claim for relief. Instead, factual allegations set forth in the counterclaim pleading are accepted as true for the purpose of review.

state—in this case Arkansas—and applies those principles as the forum state would. *Simpson v. Liberty Mut. Ins. Co.*, 28 F.3d 763, 764 (8th Cir.1994).

■ Exhibits to the counterclaim include copies of several agreements apparently at issue in this case, three of which provide: "This agreement shall be interpreted, controlled, construed, and enforced in accordance with the State of Arkansas." Docket entry # 48, Exs. A & B. However, the Court cannot assume at this juncture that the parties' contract claims are governed by Arkansas law based upon contractual choice-of-law provisions. To the extent that the contract claims do not fall within the scope of enforceable choice of law provisions, Arkansas Courts have applied the "significant contacts" test, which requires an inquiry into the nature and quantity of each state's contacts with the transaction at issue. *Fuller v. Hartford Life Ins. Co.*, 281 F.3d 704, 706 (8th Cir. 2002); *Southern Farm Bureau Casualty Ins. Co. v. Craven*, 79 Ark.App. 423, 89 S.W.3d 369 (2002).

■ "In cases not involving an effective choice of law by the parties, the following factors are relevant to the determination of which state has the most significant relationship to a particular case: 1) the place of contracting; 2) the place of negotiation of the contract; 3) the place of performance; 4) the location of the subject matter of the contract; 5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Crisler v. Unum Insurance Co. of America*, 366 Ark. 130, 133, 233 S.W.3d 658, 660 (2006)(citing Restatement (Second) Conflict of Laws § 188 (1971)).

■ In this case, the record contains no definitive information as to the place of contracting or the place of negotiation. However, because Arkansas is the place of performance and the location of the subject matter of the contract at issue, the Court finds that Arkansas has the most significant relationship to the transaction in the present case. Accordingly, the Court finds that Arkansas law governs the contract claims joined in this action. Likewise, the Court finds that under the doctrine of *lex loci delicti* and the five factors promulgated by Dr. Robert A Leflar,[3] Bartmess's claims for abuse of process and slander of title, which center on the filing of a notice of *lis pendens* in Arkansas, are governed by Arkansas law.

*Slander of Title*

■ "Slander of title is an action based on malicious publication of a false matter that disparages title." *Fleming v. Cox Law Firm*, 363 Ark. 17, 20, 210 S.W.3d 866, 868 (2005) (citing *Sinclair Ref. Co. v. Jones*, 188 Ark. 1075, 70 S.W.2d 562 (1934)). In support of his claim, Bartmess alleges that the filing of the *lis pendens* was improper because "there were no allegations that would have affected title to George Bartmess' land in the Louisiana action, nor did Arkansas law permit a Lis Pendens to be filed by an out-of-state court that would have no jurisdiction to affect title to Arkansas under ACA § 16–59–101, *et seq.* This Lis Pendens constituted a false statement." Counterclaim, ¶ 25. Bartmess further alleges: "Plaintiffs recorded this either with negligence … or with absolute knowledge that the filing of a List Pendens under these circumstances are improper." Counterclaim, ¶ 26. According to Bartmess, the plaintiffs filed the

3. The Leflar factors are as follows: (1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task; (4) advancement of the forum's governmental interests, and (5) application of the better rule of law. *See Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 251, 234 S.W.3d 838, 846 (2006).

*lis pendens* in order to "tie up the property of George Bartmess" and to obtain leverage in the settlement negotiations between the parties.

■ In an action for slander of title, it is essential that the plaintiff prove that the defendant acted with malice, express or implied, in making slanderous statements regarding the title of another in property. *See Sinclair Refining Co. v. Jones,* 188 Ark. 1075, 70 S.W.2d 562 (1934). Malice is not present where the allegedly slanderous statements were made in good faith and based on a reasonable belief in their veracity. *See Elliott v. Elliott,* 252 Ark. 966, 482 S.W.2d 123 (1972). As previously explained, based on allegations contained in Hardy's Louisiana complaint,[4] the Louisiana action has the potential to affect title to the Bartmess land. Plaintiffs' initiation of litigation to determine the rights of the parties with respect to the property cannot, without more, be characterized as malicious conduct. Accordingly, the Court finds that Bartmess fails to state a claim for slander of title.

### Abuse of Process

■ In support of his abuse of process claim, Bartmess alleges that Plaintiffs "willfully used the Lis Pendens in a manner not proper in the regular conduct of any court proceeding." Counterclaim, ¶ 29. Bartmess alleges that Plaintiffs filed a notice of *lis pendens* "to accomplish an ulterior purpose for which Lis Pendens was not designed in that they filed it to encumber and tie up the property of George Bartmess so that he could not sell any property as he was entitled to under currently existing agreements at that time, mortgage the property to finance any other financial ventures, and gain leverage over negotiations that were occurring at

that time between certain of the Plaintiffs and George Bartmess." *Id.*

■ A plaintiff must establish three elements to prevail on an abuse of process claim: (1) a legal procedure set in motion in proper form, even with probable cause, and even with ultimate success; (2) perverted to accomplish an ulterior purpose for which it was not designed; and (3) a wilful act in the use of process not proper in the regular conduct of the proceeding. *See Union Nat. Bank of Little Rock v. Kutait,* 312 Ark. 14, 16–17, 846 S.W.2d 652, 654 (1993). The Supreme Court of Arkansas has explained that "abuse of process is somewhat in the nature of extortion or coercion" and the " 'key is improper use of process after issuance, even when issuance has been properly obtained.' " *Id.* (quoting *Smith v. Nelson,* 255 Ark. 641, 644, 501 S.W.2d 769, 770–71 (1973)).

In this case, Bartmess alleges that Plaintiffs had an ulterior purpose for filing the notice of *lis pendens,* but he does not allege that Plaintiffs committed a coercive act after they filed the notice. Accordingly, the Court finds that Bartmess fails to allege facts to support an abuse of process claim. *See Smith v. Nelson,* 255 Ark. 641, 644, 501 S.W.2d 769, 770–71 (1973)("Although it be said that McAdams' testimony confirmed an ulterior purpose in procuring the warrant, no coercive act followed.... We hold that the facts, when viewed most favorably to appellee, do not support a submissible issue on abuse of process.").

### Anticipatory Breach

Plaintiffs contend that Bartmess asserts claims for anticipatory breach of contract, and they seek dismissal of the claim. Bartmess responds that he does not pursue relief under a theory of anticipatory

---

**4.** The Court may take judicial notice of public records without converting a motion to dismiss into one for summary judgment. *Stahl*

*v. U.S. Dept. of Agriculture,* 327 F.3d 697, 700 (8th Cir.2003).

breach. As such, the Court will not consider Plaintiffs' arguments regarding anticipatory breach.

### Attorneys' Fees

In the *ad damnum* portion of the counterclaim pleading, Bartmess asks for attorneys' fees and costs. Plaintiffs seeks dismissal of this request, asserting that no law provides a basis for such relief. The Court finds this argument premature [5] and denies, without prejudice, Plaintiffs' motion to summarily dismiss Bartmess's claim for attorneys' fees.

### Hardy Resources, LLC

Plaintiffs seek dismissal of claims for abuse of process and slander of title against Hardy Resources, LLC, arguing that the Hardy Resources, LLC did not file the notice of *lis pendens* at issue in this case. Because the Court has determined that Bartmess fails to state a claim for abuse of process or slander of title against any party, the Court will not consider this additional argument.

## Plaintiffs' Motion for a More Definite Statement

Plaintiffs assert that Bartmess should be ordered to plead a more definite statement as to a sentence contained in the *ad damnum* clause of the Counterclaim which reads: "In the alternative, George Bartmess asks for judgment in these amounts." Docket entry # 48, at 11. Plaintiffs argue that it is impossible from the foregoing language to understand exactly what Bartmess is seeking and from whom.

■■■ Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may move for a more definite statement before interposing a responsive pleading when a pleading to which a responsive pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). A motion under Rule 12(e) is designed as a means to remedy unintelligible pleadings should not be granted where the information sought is not necessary to form a responsive pleading and can be gained, as in this case, by other means. The motion will be denied.

## Plaintiffs' Motion to Strike Exhibits and Bartmess's Motion to Set Aside or Amend the Agreed Protective Order

■■■ In their motion to dismiss the counterclaim, Plaintiffs ask the Court to strike a portion of the documents appended to the counterclaim, asserting that they are confidential and come under the agreed protective order previously entered in this case. The documents that Plaintiffs contend come under the agreed protective order include Exhibit A to the Counterclaim, entitled "LLC Membership Interest Purchase Agreement" and Exhibit B to the Counterclaim, entitled "Buy–Sell Agreement."

The agreed protective order states in part as follows:

> Any document disclosed, which is asserted by either of the parties to contain or constitute confidential information, shall be so designated by said party or nonparty in writing and shall be segregated from non-confidential information being disclosed, *subject to the rights of the other party to move the court to deem such document[s] not subject to the protective order.* Documents so designated shall be marked "CONFIDENTIAL–HARDY VERSUS BARTMESS."

Docket entry # 11, ¶ 1 (emphasis added).

In a related motion, Bartmess asks the Court to set aside or amend the agreed

---

**5.** Arkansas Code § 16–22–308 permits an award of attorneys' fees to "the prevailing party." It is yet to be determined whether Bartmess is a prevailing party. Furthermore, a claim for attorneys' fees must be made by motion filed no later than 14 days after the entry of judgment. *See* Fed.R.Civ.P. 54(d).

protective order, arguing that Plaintiffs are abusing the privilege of designating confidential information. According to Bartmess, Plaintiffs have designated as confidential 214 of 248 documents they have produced in the course of discovery.

In accordance with the terms of the agreed protective order, the proper course for Bartmess was to request leave to file documents designated as confidential before he made them part of the public record. Instead, Bartmess filed the documents without leave of Court, and he moved to set aside the agreed protective order only after Plaintiffs objected to disclosure of the protected documents. In addition, Bartmess's motion to set aside or amend the protective order contains no statement that the parties have conferred in good faith as required under Local Rule 7.2,[6] and Bartmess fails to provide any substantive reason why the specific documents at issue, Exhibits A and B to the Counterclaim, do not merit confidential status. Furthermore, the Court will not set aside the parties' agreed protective order based solely on Bartmess's report that Plaintiffs are abusing their power to designate documents as confidential. Bartmess's alternative request, that the Court "modify the Protective Order to state more specifically what types of documents may be designated as confidential" provides no solution. The Court is without the information necessary to determine the appropriate standard for confidentiality in this case.

The Court finds that Plaintiffs' motion to strike should be granted with respect to Counterclaim Exhibits A and B. This find-ing is without prejudice to Bartmess's right to move to have the documents deemed non-confidential and made part of the record. Further, the Court finds that Bartmess's motion to set aside or amend the agreed protective order should be denied, without prejudice. The parties may agree to amend or modify the protective order in place, or Bartmess may proffer an amended protective order for the Court's consideration.

### Conclusion

For the reasons stated, it is hereby ordered that:

(1) Plaintiffs' motion to strike the amended answer (docket entry # 43) is DENIED;

(2) Defendant's amended motion to cancel notice of *lis pendens* (docket entry # 54) is DENIED;

(3) Plaintiffs' motion for partial dismissal of Bartmess's counterclaim (docket entry # 55) is GRANTED IN PART. Defendant/Counter-claimant's claims for slander of title and abuse of process are DISMISSED WITHOUT PREJUDICE for failure to state a claim, and Defendant/Counter-claimant's breach of contract claims remain;

(4) Plaintiffs' motion to strike exhibits (docket entry # 55) is GRANTED IN PART. The Clerk of the Court is instructed to remove Exhibits A and B to the Counterclaim (docket entry # 48, CMECF pages 14 through 25, and docket entry # 48, CMECF pages 34 through 48) from the record.

---

**6.** Local Rule 7.2(g) states as follows:
All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their dis-agreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule. Repeated failures to comply will be considered an adequate basis for the imposition of sanctions

(5) Plaintiffs' motion for a more definite statement (docket entry # 55) is DENIED; and

(6) Bartmess's motion to set aside or amend the parties' agreed protective order (docket entry # 67) is DENIED.